IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CyberFone Systems, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Cellco Partnership, et al., <br><br> Defendants. | Civil Action No. 11-827-SLR |

**PLAINTIFF CYBERFONE SYSTEMS, LLC'S ANSWERING BRIEF IN OPPOSITION TO WIRELESS HANDSET MANUFACTURER DEFENDANTS' MOTION TO SEVER FOR MISJOINDER**

Dated:  January 20, 2012

Of Counsel:

Marc A. Fenster
Bruce D. Kuyper
Fredricka Ung
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com
bkuyper@raklaw.com
fung@raklaw.com

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff,
CyberFone Systems, LLC

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................ 1

II. SUMMARY OF ARGUMENT ........................................................................................... 1

III. STATEMENT OF FACTS .................................................................................................. 2

IV. ARGUMENT ....................................................................................................................... 3

    A. Legal Standard Regarding Joinder ........................................................................... 3

    B. The Moving Defendants Are Properly Joined in This Action .................................. 4

    C. The AIA Is Inapplicable ............................................................................................ 6

    D. The Wireless Handset Manufacturers' Authorities from Other Jurisdictions Are Unhelpful. ........................................................................................................... 6

    E. The Wireless Handset Manufacturers' Claims of Prejudice and Inefficiency Are Unfounded and Speculative. .................................................................................. 8

    F. The Wireless Handset Manufacturers' General Relation Back Arguments Are Baseless ................................................................................................................... 9

    G. The Wireless Handset Manufacturers' Relation Back Arguments on Particular Claims Are Also Baseless ..................................................................................... 11

V. CONCLUSION .................................................................................................................. 12

i

## TABLE OF AUTHORITIES

**Cases**

*Adrain v. Genetec, Inc.*
  2009 U.S. Dist. LEXIS 86855 (E.D. Tex. Sep. 22, 2009) .................................................. 8

*Alford Safety Servs., Inc. v. Hot-Hed, Inc.,*
  2010 U.S. Dist. LEXIS 98152, at *27 (E.D. La. 2010) ...................................................... 7

*Boretsky v. Governor of N.J.,*
  433 Fed. Appx. 73 (3d Cir. 2011) ...................................................................................... 3

*Dougherty v. Mieczkowski,*
  661 F. Supp 267 (D. Del. 1987) ......................................................................................... 4

*Eolas Techs., Inc. v. Adobe Sys., Inc.*
  2010 U.S. Dist. LEXIS 104125, at *15-16 (E.D. Tex. Sep. 28, 2010) ................................ 8

*eSpeed, Inc. v. BrokerTec USA, LLC,*
  2004 U.S. Dist. LEXIS 13486, *11-12 (D. Del June 15, 2004) .......................................... 3

*Farina v. Nokia, Inc.,*
  625 F.3d 97 (3d Cir. 2010) ............................................................................................... 11

*Finley Assocs., Inc. v. Sea & Pines Consol. Corp.,*
  714 F. Supp 110 (D. Del. 1989) ....................................................................................... 12

*Hagan v. Rogers,*
  570 F.3d 146 (3d Cir. N.J. 2009) ....................................................................................... 3

*Hellicos Biosciences Corp. v. Pacific Biosciences of California et al.,*
  Civ. No. 10-735-SLR (D. Del. Dec. 22, 2011) ................................................................. 12

*Illinois Tool Works, Inc. v. Foster Grant Co.* 395 F. Supp.
  234 (N.D. Ill. 1974) .......................................................................................................... 11

*Lucent Techs., Inc. v. Extreme Networks, Inc.,*
  C.A. No. 03-508-JJF (D. Del. Feb. 9, 2004) ...................................................................... 6

*Microunity Sys. Eng'g v. Acer, Inc.,*
  2011 U.S. Dist LEXIS 112564, at *16-17 (E.D. Tex. Sep. 30, 2011) ................................. 9

*MyMail, Ltd. v. America Online, Inc.*
  223 F.R.D. 455 (E.D. Tex. 2004) ................................................................................... 7, 8

*Paine, Webber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner & Smith,*
  564 F. Supp 1358 (D. Del. 1983) ....................................................................................... 6

*Philips Elecs. N. Am. Corp. v Contec Corp.*,
   220 F.R.D. 415 (D. Del. 2004) ............................................................................................. 6

*Softview, LLC v. Apple, Inc.*,
   2011 U.S. Dist. LEXIS 112476 (D. Del. Sep. 30, 2011) .................................................... 4, 5

*Sprint Communs. Co., L.P. v. Theglobe.,com, Inc.*,
   233 F.R.D. 615 (D. Kan. 2006) ........................................................................................... 8

*SRI International, Inc. v. Internet Security Systems*,
   2005 U.S. Dist. LEXIS 6797 (D. Del. 2005) ................................................................... 5, 9

*United Mine Workers of Am. v. Gibbs*,
   383 U.S. 715 (1966) ............................................................................................................ 4

**Rules and Statutes**

Fed. R. Civ. P. 15(c) ................................................................................................... 9, 10, 11, 12

Fed. R. Civ. P. 20(a) .............................................................................................................. passim

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff CyberFone Systems, LLC ("CyberFone") filed its First Amended Complaint ("FAC") on November 22, 2011. (D.I. 75.) The FAC separates the defendants into two groups, the "Wireless Carriers" and the "Wireless Handset Manufactures." (D.I. 75, ¶¶ 27-28.)

Certain Wireless Handset Manufacturers ("Moving Defendants") filed a motion to sever for misjoinder. (D.I. 101.) This is CyberFone's answering brief in opposition to the motion.

II.  **SUMMARY OF ARGUMENT**

Rule 20 permits several defendants to be joined in an action if (1) the claims against the defendants arise out of the same transaction, occurrence or series of transactions or occurrences, and (2) a question of law or fact common to all plaintiffs or all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a). The standard for joinder is liberal and should be applied to entertain litigation in a manner that minimizes the number of suits.

The Moving Defendants' joinder in this case is proper. Because this case was filed pre-AIA, the joinder provision of the AIA—which provides that something more than infringement of the same patent must be alleged to satisfy Rule 20's "same transaction or occurrence test"—does not apply. The Moving Defendants argue that the AIA merely codified the existing standard, citing only cases favorable to their opinion, most of which come from other jurisdictions. But for each such case, there is a recent decision in this District and others approving joinder under the facts and circumstances alleged in this case. Moreover, the Moving Defendants themselves admit that there was a genuine split of authority, which eviscerates their claim that the AIA codified the law as it stood pre-AIA.

Finally, the Moving Defendants argue that the FAC does not relate back to the original complaint, and therefore the suit must be treated as commenced post-AIA, making it subject to

1

the AIA's joinder provision. This argument is a repackaging of the failed arguments that the claims do not arise out of the same transaction or occurrence. For the overwhelming part, the same parties are alleged to have infringed the same patents in the FAC as alleged in the original complaint. The Moving Defendants also make scattershot arguments that specific claims do not relate back, none of which is convincing. The added '024 patent is related to the other patents, and is alleged against an existing defendant's product that is alleged to infringe the other patents. The Moving Defendants' arguments that certain accused products and indirect infringement claims cannot relate back rely on a narrow, and unsupportable, conception of "same transaction or occurrence."

### III. STATEMENT OF FACTS

The FAC asserts that the following 5 patents are infringed by various subsets of the defendants: U.S. Patent No. 6,044,382 ("the '382 Patent"), U.S. Patent No. 5,805,676 ("the '676 Patent"), U.S. Patent No. 5,987,103 ("the '103 Patent"), U.S. Patent No. 8,019,060 ("the '060 Patent"), and U.S. Patent No. 7,334,024 ("the '024 Patent") (collectively, the "Asserted Patents" or the "Patents-in-Suit"). All of the Asserted Patents are related because they claim priority to the same original patent application.

Regarding each of the '382 Patent, the '676 Patent and the '103 Patent, the FAC asserts at least one claim against the Wireless Handset Manufacturers and the Wireless Carriers alike, and asserted at least an additional system claim against only the Wireless Carriers. Additionally, the FAC asserts the '060 Patent only against the Wireless Carriers, and not against any of the Wireless Handset Manufacturers. The FAC asserts the '024 Patent only against Defendant Apple, Inc.

## IV. ARGUMENT

### A. Legal Standard Regarding Joinder

Rule 20 permits several defendants to be joined in an action if (1) the claims against the defendants arise out of the same transaction, occurrence or series of transactions or occurrences, and (2) a question of law or fact common to all plaintiffs or all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a). In exercising their broad discretion to join parties, courts must consider the "specific fact pattern presented by the plaintiffs and claims before the court." *Boretsky v. Governor of N.J.,* 433 Fed. Appx. 73, 77 (3d Cir. 2011).

In addition, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Hagan v. Rogers,* 570 F.3d 146, 153 (3d Cir. N.J. 2009); *see also eSpeed, Inc. v. BrokerTec USA, LLC,* 2004 U.S. Dist. LEXIS 13486, *11-12 (D. Del June 15, 2004) ("liberal requirements" of Rule 20 "permit 'all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'").

The primary purpose of permissive joinder is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *See Dougherty v. Mieczkowski*, 661 F. Supp. 267, 277 (D. Del. 1987). The Supreme Court has emphasized that the standard for joinder is liberal and that the rules should be applied "toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (citing Fed. R. Civ. P. 20).

3

  B. <u>The Moving Defendants Are Properly Joined in This Action.</u>

  The Moving Defendants contend that they should be severed from this case because CyberFone's claims of infringement against them do not arise out of the same "series of transactions or occurrences" among them. (Opening Brief (D.I. 102) at 16.) But the case law does not, as they argue, require that all and only the same products be accused as between defendants in order to satisfy this test.

  This Court's decision in *Softview, LLC v. Apple, Inc.,* 2011 U.S. Dist. LEXIS 112476 (D. Del. Sept. 30, 2011) is instructive in this regard. In *Softview*, the plaintiff filed a motion for leave to amend its complaint to accuse additional defendants of infringing the patents-in-suit. *Id.* at *1-2. The Court found that "the requirements for permissive joinder are satisfied" and granted the motion over defendants' objection that there would be jury confusion between the "Apple devices using Apple's proprietary Safari web browser" and the "devices using the open-source Android platform developed by Google." *Id.* at *2-3.

  *Softview* is consistent with this Court's decision in *SRI International, Inc. v. Internet Security Systems,* 2005 U.S. Dist. LEXIS 6797 (D. Del. 2005) ("*SRI*"). In *SRI*, the Court found that there "are common transactions or occurrences, and questions of law or fact that warrant joinder." It accordingly denied the motions to sever filed by two unrelated defendants. *Id.* at *11. The Court emphasized that "[i]t would be an inefficient use of judicial resources" to conduct two claim construction hearings and to consider defendants' invalidity defenses separately. *Id.* at *12. The Court also noted "that patents over the same technology often give rise to the same questions of law and fact (e.g., same prior art references, same level of skill in the art)." *Id.* at *11-12.

4

Although the Moving Defendants attempt to distinguish *SRI*, their arguments fail. (*See* Opening Brief at 14, n. 18 (quoting *SRI*) ("[A]ll of the *patents* asserted arise out of computer network systems. It is the experience of this court that *patents* of the same technology often give rise to the same questions of law and fact.") (emphasis added).) This quote in the Moving Defendants' Opening Brief regarding patents of the same technology is followed by a disconnected argument regarding alleged disparities between accused products and services. Even if the Moving Defendants were correct that "distinct technologies" are accused in this case—a wholly unsupported claim—that "fact" would still have no bearing on whether the asserted patents are "patents of the same technology." Because the patents are related, they are "of the same technology."

*Softview*, which the Moving Defendants ignore, was decided subsequent to the Delaware authorities that the Moving Defendants cite in their motion, *Philips Elecs. N. Am. Corp. v Contec Corp.*, 220 F.R.D. 415 (D. Del. 2004), *Paine, Webber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner & Smith*, 564 F. Supp 1358 (D. Del. 1983), and *Lucent Techs., Inc. v. Extreme Networks, Inc.,* C.A. No. 03-508-JJF (D. Del. Feb. 9, 2004). At least as regards *Philips* and *Paine, Webber*, the cases involved unique factual circumstances that are inapplicable here. Neither case is instructive or controlling in this case.

*Philips* was severed after the close of fact discovery and "in the interests of justice" because one of the defendants had chosen not to mount a defense. *Philips*, 220 F.R.D. at 418 ("Because Hango is accused of patent infringement and will stand defenseless at trial, there is the real prospect that the jury will assume that CMT is liable for patent infringement by association with Hango."). No such situation exists in this case.

5

In *Paine, Webber*, the plaintiff was seeking a declaratory judgment of noninfringement, invalidity and unenforceability and the Court refused to allow the defendant patent holder to convert the action into a multi-party infringement action with a third party complaint. *Paine, Webber*, 564 F. Supp. at 1369-72.  Again, no such situation exists in this case.  Therefore, the unique factual circumstances of *Philips* and *Paine, Webber*—which do not exist here—do not justify severing the Moving Defendants from this case.

C.  The AIA Is Inapplicable

The Moving Defendants admit that Cyberfone "file[d] its lawsuits before enactment of the AIA." (Opening Brief at 16.)  Nevertheless, they invite the Court to apply the new joinder provision in these proceedings by arguing that "Congress did not intend the AIA to change Rule 20, but only to do away with a misinterpretation[1] based primarily on the Eastern District of Texas's opinion in *MyMail, Ltd. v. America Online, Inc.* 223 F.R.D. 455, 456 (E.D. Tex. 2004). (Opening Brief at 14.)

This assertion is inaccurate.  The fact that Congress added a new joinder provision to the statute underscores that, before the new regime under section 299 from the AIA, joinder in patent cases allowed for multi-defendant cases where similar products were accused of infringement.  A new joinder provision would be unnecessary if it made no changes to the law.

D.  The Wireless Handset Manufacturers' Authorities from Other Jurisdictions Are Unhelpful.

The Moving Defendants rely on cases from outside of this District to support their contention that defendants who sell products with similar functionality cannot be joined in patent

---

[1] The Moving Defendants back away from this position in the very next sentence, recasting the so-called misinterpretation as a "minority construction" that the AIA "put to rest" when it adopted the "majority rule."  Congressional action to resolve a legitimate split of authority lacks the implications of congressional action to halt courts' chronic misapplication of the law.  The Moving Defendants' own brief, therefore, admits what it argues against, that the AIA did not simply codify existing law.

6

cases. But those cases represent only one side of the pre-AIA judicial divide on joinder. For each of those authorities, there are cases going the other way. *See, e.g., Alford Safety Servs., Inc. v. Hot-Hed, Inc.,* 2010 U.S. Dist. LEXIS 98152, at *27 (E.D. La. 2010) ("[T]he majority [of courts] hold the view that joinder is proper in patent infringement suits."); *Eolas Techs., Inc. v. Adobe Sys., Inc.* 2010 U.S. Dist. LEXIS 104125, at *15-16 (E.D. Tex. Sep. 28, 2010) ("[T]he record before the Court does not show that the products or methods at issue are so different that determining infringement in one case is less proper or efficient than determining infringement in multiple cases."); *Adrain v. Genetec, Inc.* 2009 U.S. Dist. LEXIS 86855 (E.D. Tex. Sep. 22, 2009) ([E]ach of the defendants sells a license plate recognition system that allegedly infringes claims 1 and 7 of the '669 patent. The similarity of defendants' products is sufficient to satisfy the nucleus of fact or law test."); *Sprint Communs. Co., L.P. v. Theglobe.,com, Inc.,* 233 F.R.D. 615, 617 (D. Kan. 2006) ("[T]he court finds that it is proper to join Sprint's claims against the Vonage defendants with its claims against TGCI."); *Mymail, supra* at 457 ("Defendants urge the Court to adopt the rule that infringement by different defendants does not satisfy Rule 20's same transaction requirement, but the Court finds that this interpretation of Rule 20 is a hypertechnical one that perhaps fails to recognize the realities of complex, and particularly patent, litigation.").

The common "series of transactions or occurrences" prong of Rule 20(a) is satisfied in cases filed before the AIA became effective when products of different defendants function similarly for infringement purposes. *See Microunity Sys. Eng'g v. Acer, Inc.,* 2011 U.S. Dist LEXIS 112564, at *16-17 (E.D. Tex. Sep. 30, 2011) (finding the common "series of transactions or occurrences" prong of Rule 20(a) was satisfied "because infringement for all products and services *will involve to some extent* their implementation and use of an ARM architecture and instruction set.") (emphasis added). The requirements of Rule 20(a) are satisfied in this case

7

because the Moving Defendants' products function similarly to one another's products for infringement purposes. Moreover, the Moving Defendants' arguments that they should be severed from Wireless Carriers, where there *is* overlap in the accused products, makes no sense given their interpretation of the authority on the issue.

The Moving Defendants focus superficially on the fact that different types of products are at issue. But the functionality accused in each of those products is highly similar. There will therefore be common issues of fact and law relating to the architecture and functionality of the accused products, as well as common issues of fact and law relating to conception and reduction to practice of the asserted patents, claim construction, level of skill in the art, and relevance of prior art. It would be therefore be unwarranted to sever the Moving Defendants before any of these issues have been determined.

      E.      The Wireless Handset Manufacturers' Claims of Prejudice and Inefficiency Are Unfounded and Speculative.

The Moving Defendants ask this Court to overlook the common issues of fact and law in this case and set aside the efficient use of judicial resources based on speculative claims of prejudice. *See SRI,* 2005 U.S. Dist. LEXIS 6797 at *11-12 (holding multiple claim construction hearings and determining defendants' invalidity defenses separately "would be an inefficient use of judicial resources."). The Moving Defendants claim that "they will face severe prejudice if forced to litigate in one action with so many competitors" as a result of "juror confusion considering the number of defendants." (Opening Brief at 17.) Given the amount of time that will pass before trial, a date for which has yet to be set, and the likelihood that settlements will occur between now and then, this theoretical harm is not a reason to sever at this point in the proceedings. Severance for trial can be considered close to trial if the Moving Defendants have a legitimate claim of prejudice at that time.

The Moving Defendants also claim that "[j]oinder will not serve judicial economy" and that the case should not "be considered only one action when the Court must put in the resources for twenty-five." (Opening brief at 18.) To the contrary, severing this case now will not reduce the number of litigants, but it will increase the burden on the Court. The Court will have less time available to review and consider motions if it has to conduct multiple claim construction hearings and review parallel briefs on common issues in multiple cases. Moreover, severing this case before a claim construction hearing raises the possibility of inconsistent claim construction rulings or claim construction rulings from the lead case being imposed on subsequent litigants who have not had a full opportunity to have their positions heard.

    F.    The Wireless Handset Manufacturers' General Relation Back Arguments Are Baseless.

Relation back of claims is proper where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Moving Defendants apparently argue that the claims of the FAC do not relate back to the Complaint, and, therefore, the FAC constituted commencement of a new suit for purposes of applying the joinder provisions of the AIA to this case. This, however, is a conflation of the distinct, albeit related, issues of commencement and relation back.

The Moving Defendants' reliance on *Farina v. Nokia, Inc.*, 625 F.3d 97, 111 (3d Cir. 2010) is mystifying. *Farina* addressed commencement of suit for amendment of claims to change or add *parties*, the idea being that adding a new party to an existing suit commences the suit *as to that party*. *Id.* at 112. Although Defendant Kyocera Communications, Inc. ("Kyocera") was substituted in the FAC for Kyocera Wireless Corp., who was named in the original complaint, the Moving Defendants do not argue in their brief that the suit must have

9

commenced for Kyocera after the enactment of the AIA. Moreover, Kyocera is not among the Moving Defendants, and no party who joined this motion has standing to seek any such relief. To be clear, there is no set of facts upon which the Moving Defendants may base a commencement argument. Unsurprisingly, they do not revisit the issue after initially citing *Farina*.

     Instead, the Moving Defendants' general relation back argument is, at its core, a rehash of their argument that the facts of this case as among defendants do not constitute the same "series of transactions or occurrences," albeit now for purposes of satisfying Rule 15 rather than Rule 20. They cite a string of non-binding authority for the proposition that "alleged infringement of a patent is not the 'same conduct, transaction or occurrences' as the alleged infringement of another patent." (Opening Brief at 16 (quoting *Illinois Tool Works, Inc. v. Foster Grant Co.* 395 F. Supp. 234, 250-51 (N.D. Ill. 1974)).) While the Moving Defendants reach back in time and to other jurisdictions to support this proposition, a recent case in this District tells a different story. In *Helicos Biosciences Corp. v. Pacific Biosciences of California et al.,* Civ. No. 10-735-SLR (D. Del. Dec. 22, 2011), the court found that defendants' accused technologies "share[] fundamental elements in common" and "that there are common transactions or occurrences…." *Helicos* at *4 (finding Life's accused Starlight technology and PacBio's accused RS product both rely on "detecting labeled nucleotides as a polymerase, the use of four nucleotides with distinct fluorescent labels and optical detection zones limited to the immediate vicinity of the polymerase" and holding that Life's accused Starlight technology and Illumina's products "perform single molecule sequencing using optical detection of nucleic sequencing using optical detection of nucleic sequencing."). *See also Finley Assocs., Inc. v. Sea & Pines Consol. Corp.,* 714 F. Supp 110, 116 (D. Del. 1989) ( the "same transaction test of 15(c)

10

[is] not mechanical or restrictive…. Rule 15(c) should be read together with the general provision in Rule 15(a) that leave to amend shall be freely given by [the] court where justice so requires.").

Furthermore, and as explained above, the set of facts constituting infringement is but one subset of the sum total of transactions or occurrences that underlie a patent suit. Other transactions or occurrences underpinning a patent suit are identical as among the Moving Defendants and certainly as between the original complaint and the FAC. This includes, at the very least, the conception and reduction to practice of the invention, as well as the patent prosecution.

G. The Wireless Handset Manufacturers' Relation Back Arguments on Particular Claims Are Also Baseless.

For the same reasons identified in the previous section, the Moving Defendants argument that the addition of the '024 patent does not relate back must fail as well. The '024 patent, which is related to the other patents, is a patent "over the same technology" and therefore "give[s] rise to the same questions of law and fact" that the other patents do. Also, the same product, the Apple iPhone 4S, is accused.

Additionally, in the FAC, Cyberfone alleged that Sharp's and Motorola's infringing products include a "Blu-ray player," "HDTV," and "Kiosk." The Moving Defendants complain that these claims cannot relate back where the original complaint alleged infringement by "mobile communications devices that include a data transaction server." For such a claim to relate back, it need only relate to the same transaction or occurrence as that alleged in the Complaint. The infringing product need not have been mentioned by name in the original Complaint. In this case, additional products of previously named defendants that infringe in the same manner constitute a "similar transaction or occurrence."

11

Finally, the indirect infringement claims alleged against Sharp and Motorola relate back by the plain terms of Rule 15, which provides for relation back of a claim that "arose out of the conduct, transaction, or occurrence" originally complained of. Fed. R. Civ. P. 15(c). The FAC alleges that the infringement complained of in the Complaint continued after Sharp and Motorola after Cyberfone filed suit. Therefore, the indirect infringement arose out of the same transaction or occurrence as the direct infringement alleged.

## V.   CONCLUSION

The Moving Defendants were properly joined in this action. There are common issues of fact and law relating to the asserted patents, which are all related, and the accused products, which are similar. It would be inefficient and burdensome to the Court to sever each of the Moving Defendants. Their motion should therefore be denied.

| | |
|---|---|
| Dated:  January 20, 2012 | BAYARD, P.A. |
| | |
| | /s/ *Stephen B. Brauerman* |
| Of Counsel: | Richard D. Kirk (rk0922) |
| | Stephen B. Brauerman (sb4952) |
| Marc A. Fenster | 222 Delaware Avenue, Suite 900 |
| Bruce D. Kuyper | Wilmington, DE 19801 |
| Fredricka Ung | (302) 655-5000 |
| Russ, August & Kabat | rkirk@bayardlaw.com |
| 12424 Wilshire Boulevard, 12th Floor | sbrauerman@bayardlaw.com |
| Los Angeles, CA 90025-1031 | |
| (310) 826-7474 | Attorneys for Plaintiff, |
| mfenster@raklaw.com | CyberFone Systems, LLC |
| bkuyper@raklaw.com | |
| fung@raklaw.com | |