IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CyberFone Systems, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Cellco Partnership, et al.,<br><br>    Defendants. | Civil Action No. 11-827-SLR |

**PLAINTIFF CYBERFONE SYSTEMS, LLC'S ANSWERING BRIEF IN OPPOSITION TO CERTAIN WIRELESS CARRIER DEFENDANTS' MOTION TO STAY**

Dated: January 20, 2012

Of Counsel:

Marc A. Fenster
Bruce D. Kuyper
Fredricka Ung
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com
bkuyper@raklaw.com
fung@raklaw.com

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff,
CyberFone Systems, LLC

**TABLE OF CONTENTS**

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

II.   SUMMARY OF ARGUMENT.......................................................................................... 1

III.  STATEMENT OF FACTS ................................................................................................. 2

IV.   ARGUMENT ...................................................................................................................... 3

    A.   Legal Standard for a Motion to Stay........................................................................ 3

    B.   The Customer Suit Exception Is Not Applicable to This Action. ........................... 5

    C.   Moving Wireless Carriers Have Failed to Provide Any Indication of What Cost or Delay Would Be Avoided by Staying the Proceedings Against Them............ 6

    D.   Staying the Proceedings Is Likely to Cause Unnecessary Cost and Delay. .......... 7

V.    CONCLUSION................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Air Prods. & Chems., Inc. v. MG Nitrogen Servs.,*
133 F. Supp. 2d 354 (D. Del. 2001) ............................................................................................ 6

*Blake v. Farrell Lines, Inc.*
417 F.2d 264 (3rd Cir. 1969) ...................................................................................................... 4

*Canister Co. v. National Can Corp.*
1943 U.S. Dist. Lexis 1588 (D. Del., November 23, 1943) ........................................................ 4

*Codex Corp. v. Milgo Elec. Corp.,*
553 F.2d 735, 194 U.S.P.Q. (BNA) 49, 50 (1st Cir.) ................................................................. 6

*Commissariat A L'Energie Atomique v. Dell Computer Corp.*
2004 U.S. Dist. LEXIS 9107 (D. Del. May 13, 2004) ................................................................ 8

*Joseph Bancroft & Sons Co. v. Spunize Co. of Am.,*
268 F.2d 522 (2d Cir. 1959) ........................................................................................................ 5

*Kahn v. General Motors Corp.,*
889 F.2d 1078 (Fed. Cir. 1989) ............................................................................................. 5, 6

*Katz v. Lear Siegler, Inc.,*
902 F. 2d 1459 (Fed. Cir. 1990) ................................................................................................. 5

*Kerotest Mfg. v. C-O-Two Fire Equip. Co.,*
342 U.S. 180 (1952) .................................................................................................................... 7

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.,*
676 F. Supp. 2d 321 (D. Del. 2009) ............................................................................................ 6

*United Merchants & Mfrs., Inc. v. Henderson,*
495 F. Supp. 444 (N.D. Ill. 1980) ............................................................................................... 5

*United Sweetener USA, Inc. v. Nutrasweet Co.,*
766 F. Supp. 212 (D. Del. 1991) ................................................................................................. 4

*Waste Distillation Technology, Inc. v. Pan American Resources, Inc.,*
775 F. Supp. 759 (D. Del. 1991) ................................................................................................. 4

**Rules and Statutes**

Fed. R. Civ. P. 42(a) ............................................................................................................ 1, 3, 4

**I.      NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff CyberFone Systems, LLC ("CyberFone") filed its First Amended Complaint ("FAC") on November 22, 2011 (D.I. 75).  Defendants Samsung Telecommunications America, LLC, Pantech Wireless, Inc., Kyocera Communications Inc., and ZTE (USA), Inc., all answered the FAC on January 17, 2012 (D.I. 126, 128, 130, 132).

Certain defendants (the "Moving Wireless Carriers") filed a Motion to Stay (D.I. 99). The Moving Wireless Carriers are defendants Cellco Partnership (which does business as "Verizon Wireless"), AT&T Mobility LLC, Sprint Spectrum L.P., T-Mobile USA, Inc., Cricket Communications, Inc., United States Cellular Corporation, MetroPCS Wireless, Inc., TracFone Wireless, Inc., and Boost Mobile, LLC.  Defendant Virgin Mobile USA, L.P. is identified in the FAC as one of the "Wireless Carriers" (D.I. 75, ¶ 27), but it did not join in the motion.

This is CyberFone's answering brief in opposition to the motion.

**II.     SUMMARY OF ARGUMENT**

Moving Wireless Carriers seek a motion to stay under Fed. R. Civ. P. 42(a)(3), which provides that the Court may issue orders "to avoid unnecessary cost or delay."  In making the determination whether a stay will avoid unnecessary cost or delay, a court must evaluate the possible damage, hardship and inequities to the parties to the lawsuit and the relationship of the stay to the fulfillment of judicial objectives of simplification of the issues in question and trial of the case.

Moving Wireless Carriers' argument in support of their motion to stay rests largely on the customer suit exception to the first-to-file rule.  But the first-to-file rule is inapplicable to this action, and the exception to that rule is also inapplicable.  Although Moving Wireless Carriers claim that the exception stands for the general principle that a manufacturer's suit takes

1

precedence over a customer's suit, that principle is also inapplicable because the Wireless Carriers are not mere customers reselling an accused product. The infringement allegations against Wireless Carriers are different from those against Wireless Handset Manufacturers.

The remaining arguments that Moving Wireless Carriers advance in support of their motion amount to nonspecific, generalized assertions that proceeding against Wireless Handset Manufacturers first will "resolve the major issues" in the claims against them. Moving Wireless Carriers fail to identify those major issues or indicate how they will be resolved.

Staying the proceedings against the Wireless Carriers while proceeding against the Wireless Handset manufacturers is likely to create unnecessary cost through duplication of effort. Staying the proceedings would produce unnecessary delay, given that claims for infringement, and resulting damages, will not be determined until after the resolution of the action against the Wireless Handset Manufacturers.

### III. STATEMENT OF FACTS

The FAC alleges infringement of 5 U.S. patents: U.S. Patent No. 6,044,382 ("the '382 patent"), U.S. Patent No. 5,805,676 ("the '676 patent"), U.S. Patent No. 5,987,103 ("the '103 patent"), U.S. Patent No. 8,019,060 ("the '060 patent"), and U.S. Patent No. 7,334,024 ("the '024 patent") (collectively, "the asserted patents").

The FAC separates the defendants into two groups, the "Wireless Carriers" and the "Wireless Handset Manufacturers." (D.I. 75, ¶¶ 27-28.) Regarding all of the patents except the '024 patent (which is only asserted against Apple Inc.), the FAC asserts the following claims of those asserted patents against the two groups of defendants as follows:

| Patent | Wireless Carriers | Wireless Handset Manufacturers |
|---|---|---|
| '382 patent | Claims 1 & 19 | Claim 1 |

2

| Patent | Wireless Carriers | Wireless Handset Manufacturers |
|---|---|---|
| '676 patent | Claims 1 & 16 | Claim 16 |
| '103 patent | Claims 1 & 18 | Claim 18 |
| '060 patent | Claim 1 | Not Asserted |

Thus, with respect to the '382, '676, and '103 patents, there are claims asserted against the Wireless Carriers that are not asserted against the Wireless Handset Manufacturers.

The infringement allegations in the FAC on the '382 patent against the Wireless Carriers include an allegation that the Wireless Carriers provide a system comprising a "transmission medium." The infringement allegations in the FAC on the '382 patent against the Wireless Handset Manufacturers do not contain any similar allegations, with the sole exception of Sharp Electronics Corporation for unique products that are not mobile communication devices. (D.I. 75, ¶ 47.)

The infringement allegations in the FAC on the '676 and '103 patents against the Wireless Carriers include an allegation that the Wireless Carriers provide a system comprising a "database server." The infringement allegations in the FAC on the '676 patent against the Wireless Handset Manufacturers do not contain any similar allegations.

The '060 patent is only asserted against the Wireless Carriers. The '060 patent is not asserted against the Wireless Handset Manufacturers.

IV. ARGUMENT

A. Legal Standard for a Motion to Stay

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . (3) issue any other orders to avoid unnecessary cost and delay." Fed.

3

R. Civ. P. 42(a). In using its discretion pursuant to Fed. R. Civ. P. 42(a), the Court has substantial discretion. *See Blake v. Farrell Lines, Inc.* 417 F.2d 264, 266 (3rd Cir. 1969).

"The proper administration of justice requires that issues be resolved without unnecessary cost or delay." *Waste Distillation Technology, Inc. v. Pan American Resources, Inc.,* 775 F. Supp. 759, 761 (D. Del. 1991). "[I]ssues should not be treated piecemeal unless necessary to prevent undue delay or to promote the interest of justice." *Canister Co. v. National Can Corp.* 1943 U.S. Dist. Lexis 1588 at *2 (D. Del. Nov. 23, 1943).

"As a general matter, when considering whether to grant a stay, 'a district court must evaluate the possible damage, hardship and inequities to the parties to the lawsuit and the relationship of the stay to the fulfillment of judicial objectives of simplification of the issues in question and trial of the case.'" *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (quoting *United Merchants & Mfrs., Inc. v. Henderson*, 495 F. Supp. 444, 447 (N.D. Ill. 1980)).

Furthermore, as noted in Moving Wireless Carriers' cited case law, "[t]he public policy favoring expeditious resolution of disputes is of particular weight when dealing with wasting assets such as patents." *Katz v. Lear Siegler, Inc.,* 902 F. 2d 1459, 1463-1464 (Fed. Cir. 1990). "There is no good reason to unduly delay the resolution of major issues that will not be resolved." *Id.* With these principles in mind, the Court must consider whether granting Moving Wireless Carriers' motion to stay will sufficiently avoid cost and delay to justify the delay and duplication of effort likely to result in conducting the instant action piecemeal as two separate actions.

B.     The Customer Suit Exception Is Not Applicable to This Action.

In *Kahn v. General Motors Corp.*, 889 F.2d 1078 (Fed. Cir. 1989), the Federal Circuit explained that the customer suit exception is limited to circumstances where there are separate suits in different forums:

> The general rule, and the rule in the Second Circuit, is that "as a principle of sound judicial administration, the first suit should have priority," absent special circumstances. *Joseph Bancroft & Sons Co. v. Spunize Co. of Am.*, 268 F.2d 522, 524 (2d Cir. 1959) ("The law seems clear that where two suits are filed in different forums, the first has priority"). Restraint of the first-filed suit is made only to prevent wrong or injustice, applying the general requirement that "the same parties as well as the same issues are involved in the two actions".
> . . . .
> The customer suit exception is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse. *See Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38, 194 U.S.P.Q. (BNA) 49, 50 (1st Cir.) (preference for a manufacturer's declaratory judgment action because the manufacturer is the true defendant).

*Id.* at 1081 (internal citations and quotations omitted).

This Court has recognized that the customer suit exception only applies to such circumstances and where a customer is a mere reseller of the accused products: "The customer suit action exception is used when the *first suit* is filed against a customer who is a *mere reseller* of the accused goods, while the *second suit is a declaratory action* brought by the manufacturer of the accused goods." *Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 327 (D. Del. 2009) (citing *Air Prods. & Chems., Inc. v. MG Nitrogen Servs.*, 133 F. Supp. 2d 354, 357 (D. Del. 2001)) (emphasis added).

Neither of these conditions is present in this action. First, there are no competing actions in different forums where a potential injustice could befall the Wireless Carriers. There is only this one action. The case law is clear that the customer suit exception is a mechanism by which a manufacturer may stay a suit to which it cannot be joined in order to best protect its interests and

5

those of its customers, circumstances which are not present here. *See Air Prods,* 133 F. Supp. at 356-57 (quoting *Kerotest Mfg. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 186 (1952)) ("The Supreme Court has held, 'if the patentee's suit against a customer is brought in a district where the manufacturer cannot be joined as a defendant, the manufacturer may be permitted simultaneously to prosecute the declaratory judgment action elsewhere'")). Moreover, the customer suit exception is an exception to a specific rule, the "first-to-file" rule, which has no bearing where, as here, there is only one suit filed.

Second, and more importantly, the Wireless Carriers are not mere resellers of accused products. To the contrary, only the Wireless Carriers provide the very components alleged in the FAC that provide the basis for their infringement of claims not asserted against the Wireless Handset Manufacturers. Examples of these components in the infringement allegations are the "transmission medium" and "database server" components that only the Wireless Carriers provide. There is no allegation in the FAC that the Wireless Handset Manufacturers provide these components with regard to mobile communication devices that Wireless Carriers sell.

Because the Wireless Carriers are not mere resellers of the accused products, the customer suit exception does not apply. The infringement allegations against the Wireless Carriers are based on more than simply what they sell from the Wireless Handset Manufacturers.

    C.    Moving Wireless Carriers Have Failed to Provide Any Indication of What Cost or Delay Would Be Avoided by Staying the Proceedings Against Them

Without the inapplicable customer suit exception, Moving Wireless Carriers fail to make a case for staying the action against them. There is nothing supporting Moving Wireless Carriers' assertion that proceeding first against the Wireless Handset Manufacturers has the "potential to resolve the 'major issues.'" (Opening Brief at 12.) Not surprisingly, Moving Wireless Carriers fail to identify those major issues in their brief.

Moving Wireless Carriers claim broadly that "[t]he manufacturer 'is in the best position to contest the validity and infringement of [the] asserted patents' because it is 'intimately involved in the design, operation, and use of its accused [products]." (Opening Brief at 10 (quoting *Commissariat A L'Energie Atomique v. Dell Computer Corp.* 2004 U.S. Dist. LEXIS 9107 (D. Del. May 13, 2004)).) But again, the Wireless Carriers provide components of the infringement allegations against them that the Wireless Handset Manufacturers do not provide. It is for that precise reason that CyberFone is asserting different, additional claims against Moving Wireless Carriers from those asserted against Wireless Handset Manufacturers.

In addition, CyberFone has asserted the '060 patent against only Wireless Carriers. Regarding the '060 patent, Moving Wireless Carriers assert, without providing any explanation, that resolution of claims against Wireless Handset Manufacturers has the "potential" of resolving the "major issues" regarding infringement of the '060. (Opening Brief at 11-12.) But Moving Wireless Carriers provide no indication of what those major issues are or how litigation against the Wireless Handset Manufacturers could possibly resolve the issues, presumably because they cannot. Moving Wireless Carriers merely note that the patents are related and that the claims against the Wireless Carriers involve the same accused products as the claims against Wireless Handset Manufacturers. While it is likely that some foundational issues could be resolved, Moving Wireless Carriers' suggestion that all of the major issues could be resolved, when many asserted claims—including one from a different patent—would not be litigated, is simply not credible.

    D.    <u>Staying the Proceedings Is Likely to Cause Unnecessary Cost and Delay.</u>

Far from promoting efficiency, staying the proceedings against Moving Wireless Carriers is likely to increase the workload for the Court and the parties by requiring significant

7

duplication of effort of overlapping issues in two different phases. As discussed above, the issues underlying infringement are not identical between the Wireless Carriers and Wireless Manufacturers.

To the extent that the purported judicial and other efficiencies identified by Moving Wireless Carriers would materialize at all, those efficiencies would be more than offset by duplicative efforts required to try to this action in two stages. CyberFone therefore respectfully requests that the Court deny Moving Wireless Carriers motion to stay these proceedings against them.

## V. CONCLUSION

The customer suit exception does not apply to this action. The FAC alleges that the Wireless Carriers infringe additional, different claims from the Wireless Handset Manufacturers. Because the bases for the infringement allegations are different for the two groups of defendants, the Wireless Carriers are not accused of infringement for the mere resale of Wireless Handset Manufacturers' products.

Because the basis for the infringement allegations against the two groups are not identical, a stay would require duplication of effort by the Court and the parties, in addition to adding unwarranted delay in the resolution of this action. The motion should therefore be denied.

| | |
|---|---|
| Dated:  January 20, 2012 | BAYARD, P.A. |
| Of Counsel: | /s/ *Stephen B. Brauerman* <br> Richard D. Kirk (rk0922) |
| Marc A. Fenster <br> Bruce D. Kuyper <br> Fredricka Ung <br> Russ, August & Kabat <br> 12424 Wilshire Boulevard, 12th Floor <br> Los Angeles, CA 90025-1031 <br> (310) 826-7474 <br> mfenster@raklaw.com <br> bkuyper@raklaw.com <br> fung@raklaw.com | Stephen B. Brauerman (sb4952) <br> 222 Delaware Avenue, Suite 900 <br> Wilmington, DE 19801 <br> (302) 655-5000 <br> rkirk@bayardlaw.com <br> sbrauerman@bayardlaw.com <br><br> Attorneys for Plaintiff, <br> CyberFone Systems, LLC |