**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

CyberFone Systems, LLC,

      Plaintiff,

      v.

Cellco Partnership, et al.,

      Defendants.

Civil Action No. 11-827-SLR

**PLAINTIFF CYBERFONE SYSTEMS, LLC'S ANSWERING BRIEF IN OPPOSITION
TO SHARP ELECTRONICS CORPORATION'S MOTION TO DISMISS FIRST
<u>AMENDED COMPLAINT</u>**

Dated:  January 20, 2012

Of Counsel:

Marc A. Fenster
Bruce D. Kuyper
Fredricka Ung
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com
bkuyper@raklaw.com
fung@raklaw.com

BAYARD, P.A.

/s/ *Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff,
CyberFone Systems, LLC

# TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

II.  SUMMARY OF ARGUMENT............................................................................................ 1

III. STATEMENT OF FACTS ................................................................................................. 2

IV.  ARGUMENT ...................................................................................................................... 3

    A.   Sharp's Motion to Dismiss for Failure to State a Claim Should Be Denied......... 3

        1.   Legal Standard. .............................................................................................. 3

        2.   Sharp's Attempt to Dismiss CyberFone's Direct Infringement
            Allegations by Arguing the Merits of the Case at the Pleading Stage Is
            Improper. ......................................................................................................... 4

        3.   The Complaint Adequately Alleges Indirect Infringement. ...................... 6

    B.   Leave to Amend Should Be Given in the Event That the Court Agrees with Any
        Part of the Motion. .................................................................................................. 8

    C.   CyberFone Properly Joined Sharp in This Action. ............................................... 8

        1.   Legal Standard. .............................................................................................. 8

        2.   The America Invents Act Does Not Apply................................................... 9

        3.   CyberFone's Claims Arise Out of the Same Transactions or
            Occurrences. ................................................................................................. 10

        4.   Common Questions of Law and Fact Pervade This Action. .................... 12

        5.   Joinder in This Action Does Not Unduly Prejudice Sharp. ..................... 14

        6.   Joinder Is the Most Efficient and Fair Procedure for Resolving the
            Parties' Disputes. ......................................................................................... 14

        7.   Dismissal Is Improper Even Assuming Sharp Was Improperly Joined. 14

V.   CONCLUSION.................................................................................................................. 15

## **TABLE OF AUTHORITIES**

**Cases**

*Alford Safety Servs., Inc. v. Hot-Hed, Inc.*,
    C.A. No. 10-1319 U.S. Dist. LEXIS 98152, *27 (E.D. La. 2010) ......................................... 11

*Androphy v. Smith & Nephew, Inc.*,
    31 F. Supp. 2d 620 (N.D. Ill. 1998) ...................................................................................... 18

*Bechtel v. Robinson*,
    886 F.2d 644 (3d Cir. 1989) .................................................................................................... 9

*Boretsky v. Governor of N.J.*,
    433 Fed. Appx. 73 (3d Cir. 2011) .................................................................................... 10, 13

*Deston Therapeutics LLC v. Trigen Labs., Inc.*,
    723 F. Supp. 2d 665 (D. Del. July 12, 2010) .......................................................................... 5

*Dole v. Arco Chem. Co.*,
    921 F.2d 484 (3d Cir. 1990) .................................................................................................... 9

*Eastman Chem. Co. v. Alphapet Inc.*,
    Civ. No. 09-971-LPS, D.I. 100, Mem. Order at 6 (D. Del. Dec. 29, 2011) ........................... 15

*Eon Corp. IP Holdings LLC v. FLO TV Inc.*,
    Civ. No. 10-812-SLR, 2011 U.S. Dist. LEXIS 74586, *7 (D. Del. July 12, 2011) ................... 4

*eSpeed, Inc. v. BrokerTec USA, L.L.C.*,
    2004 U.S. Dist. LEXIS 13486, *11-*12 (D. Del. June 15, 2004) ..................................... 10, 13

*Fujitsu Ltd. v. Belkin Int'l, Inc.*,
    782 F. Supp. 2d 868 (N.D. Cal. Mar. 29, 2011) ..................................................................... 5

*Hagan v. Rogers*,
    570 F.3d 146 (3d Cir. 2009) ......................................................................................... 10, 13, 15

*Helicos Bioscience Corp. v. Pacific Biosciences of California*,
    Civ. No. 10-735-SLR, 2011 U.S. Dist. LEXIS 148009, *8 (D. Del. Dec. 22, 2011) ........ passim

*Houlihan v. Sussex Tech. School Dist.*,
    461 F. Supp. 2d 252 (D. Del. 2006) ........................................................................................ 4

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1140 (3d Cir. 1997) .................................................................................................. 9

*Liquid Dynamics Corp. v. Vaughan Co.*,
    355 F.3d 1361 (Fed. Cir. 2004) ............................................................................................... 5

*LVL Patent Group, LLC v. Sony Electronics, Inc.*,
    C.A. No. 11-833-SLR (D. Del. Sept. 15, 2011) ..................................................... 2

*Mallinckrodt Inc. v. E-Z-Em Inc.*,
    671 F. Supp. 2d 563 (D. Del. 2009) ......................................................... 7, 8

*Minkus Electronic Display Systems, Inc. v. Adaptive Micro Systems, LLC*,
    C.A. No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827, *17 (D. Del. Mar. 16, 2011) ............... 7

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch*,
    564 f. Supp. 1358 (D. Del. 1983) ........................................................... 14

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
    220 F.R.D. 415 (D. Del. 2004) .......................................................... 14, 18

*Scaedler v. Reading Eagle Publ'ns, Inc.*,
    370 F.2d 795 (3d Cir. 1967) ................................................................. 4

*Schreiber v. Eli Lilly & Co.*,
    C.A. No. 05-CV-2616, 2006 U.S. Dist. LEXIS 13477, *17 n.10 (E.D. Pa. Mar. 27, 2006) ...... 6

*SoftView LLC v. Apple Inc.*,
    C.A. No. 10-389-LPS, 2011 U.S. Dist. LEXIS 140540, *5-*6 (D. Del. Dec. 7, 2011) ..... 11, 14

*Sprint Communs. Co., L.P. v. Theglobe.com*,
    233 F.R.D. 615 (D. Kan. 2006) ............................................................. 11

*SRI Int'l, Inc. v. Internet Security Sys., Inc.*,
    Civ. No. 04-1199-SLR, 2005 U.S. Dist. LEXIS 6797, at *11-*12 (D. Del. Apr. 13, 2005)
    ....................................................................................... passim

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1996) ....................................................................... 13

*Wacoh Co. v. Kionix Inc.*,
    No. 10-617-RGA, Mem. Op. at 4 (D. Del. Jan. 9, 2012) ...................................... 11

*Xpoint Techs., Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010) ...................................................... 6, 8

*Yangaroo Inc. v. Destiny Media Techs.*,
    Case No. 09-C-462, 2009 U.S. Dist. LEXIS 82052, *10 (E.D. Wisc. Aug. 31, 2009) ............. 5

**Rules and Statutes**

35 U.S.C. § 271 ................................................................................. 7

35 U.S.C. § 299(e) ............................................................................. 9

Fed. R. Civ. P. 12(e) ........................................................................................................ 3, 4

Fed. R. Civ. P. 13(h) ............................................................................................................ 12

Fed. R. Civ. P. 14 ................................................................................................................ 12

Fed. R. Civ. P. 19 ................................................................................................................ 12

Fed. R. Civ. P. 20(a) ..................................................................................................... passim

Fed. R. Civ. P. 21 .......................................................................................................... 12, 14

Fed. R. Civ. P. 8(a) ........................................................................................................ 3, 4, 9

## I.   NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff CyberFone Systems, LLC ("CyberFone") filed its original complaint in this action on September 15, 2011.  (D.I. 1.)  CyberFone filed a First Amended Complaint ("FAC") on November 22, 2011.  (D.I. 75.)  The FAC separates the defendants into two groups, the "Wireless Carriers" and the "Wireless Handset Manufactures."  (D.I. 75, ¶¶ 27-28.)

Defendant Sharp Electronics Corporation ("Sharp") filed a motion to dismiss.  (D.I. 94). This is CyberFone's answering brief in opposition to the motion.

## II.   SUMMARY OF ARGUMENT

Sharp does not dispute that CyberFone's direct infringement allegations are entirely consistent with Form 18.  Sharp, however, would have this Court dismiss the Complaint because, according to Sharp, it cannot infringe claim 19 of the '382 patent.  There is no basis for the Court to reach the merits of the case at the pleading stage, before CyberFone is required to identify the asserted claims, before any discovery has taken place, and before any claim term has been construed.  There is also no basis for the Court to dismiss **all** of CyberFone's direct infringement allegations, including those relating to the '676 patent and the '103 patent, simply because Sharp believes it does not infringe one claim (of the 36 claims) in the '382 patent.  There is no support for Sharp's argument that CyberFone's infringement allegations for the three asserted patents should rise and fall together.

Sharp's arguments against CyberFone's indirect infringement claims also fail.  First, Sharp argues that the Complaint fails to allege knowledge.  CyberFone's allegation of knowledge of the asserted patents from the date of filing of the original Complaint is sufficient under this Court's holdings.  Sharp does not dispute that it was placed on notice of the asserted patents as of the filing date.  Sharp argues that CyberFone did not plead intent for inducing infringement.  But

CyberFone's First Amended Complaint alleges that Sharp has "actively induced" infringement such that it would be impossible for Sharp to lack the required intent.  Sharp's argument that CyberFone's claim for contributory infringement is insufficient is based on a technicality that the phrases "component" or "especially designed" are not used in the allegation.  CyberFone's allegation that "[Sharp's accused] products are for use in systems that infringe at least claim 19 of the '382 patent" alleges that the accused products constitute a component of an infringing product or that the products were especially designed for an infringing combination.  (D.I. 75 ¶ 48.)

Sharp is properly joined as a defendant in this action.  CyberFone asserts three patents against Sharp, and those three patents against 22 other defendants.  The three patents are related by at least patent family or subject matter.  Under these circumstances, the issues faced by the parties naturally give rise to substantial common questions of fact and law, including issues of claim construction, validity and enforceability, and damages.  And in light of the identity of issues, dismissing Sharp will only result in a new action, increase the costs to the parties and the Court, multiple proceedings, and delay CyberFone's right to relief.

## III.   STATEMENT OF FACTS

CyberFone (formerly known as LVL Patent Group, LLC) originally sued Sharp in this action and in a separate action, *LVL Patent Group, LLC v. Sony Electronics, Inc.*, C.A. No. 11-833-SLR (D. Del. Sept. 15, 2011) ("Case No. 11-833").  In the original Complaint filed in this case, CyberFone alleged that Sharp and other wireless handset manufacturers infringe U.S. Patent Nos. 6,044,382 ("the '382 Patent"); 5,805,676 ("the '676 Patent"); and 5,987,103 ("the '103 Patent").  (D.I. 1.)  The original Complaint filed in Case No. 11-833 also alleged that Sharp infringed the '382 Patent, but by making, using, selling, offering to sell, products and services

other than wireless handsets.  (C.A. No. 11-833, D.I. 1.)  On October 30, 2011, Sharp's counsel

requested that CyberFone drop Sharp from Case No. 11-833 since CyberFone asserted the '382

Patent and two additional patents against Sharp in this litigation.  (Ung Decl. ¶ 2, Ex. 1.)

CyberFone agreed and, on November 8, 2011, the parties filed a stipulation for dismissing Sharp

from C.A. No. 11-833.

On November 22, 2011, before any answers to the original Complaint were filed in this

action, CyberFone filed its First Amended Complaint (the "FAC") (D.I. 75).  In the FAC,

CyberFone included its allegation from the Complaint filed in Case No. 11-833 relating to

Sharp's infringement of the '382 Patent "by making, using, selling, offering to sell, or importing

products and services that transact data through a system, including, by way of example, various

'smart' electronic media devices."  (D.I. 75.)  On December 20, 2011, instead of filing an answer

or responding to the FAC, Sharp filed a motion to dismiss CyberFone's infringement allegations

with respect to only the '382 Patent.  (D.I. 95.)

## IV.    ARGUMENT

### A.    <u>Sharp's Motion to Dismiss for Failure to State a Claim Should Be Denied.</u>

#### 1.    Legal Standard.

Fed. R. Civ. P. 8(a) requires that a claim for relief contain "(1) a short and plain statement

of the grounds for the court's jurisdiction … ; (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought …."  A party

may move to dismiss under Rule 8 only if a complaint "is so vague or ambiguous that a party

cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  Such

motions "are typically disfavored and relief is only granted in the 'rare case' where the complaint

is so vague or incomprehensible that the defendant cannot frame a responsive pleading."

*Houlihan v. Sussex Tech. School Dist.*, 461 F. Supp. 2d 252, 262 (D. Del. 2006) (internal citation omitted) (*quoting Scaedler v. Reading Eagle Publ'ns, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967)). "In reviewing a motion filed under [Rule] 12(b)(6), the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor." *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, Civ. No. 10-812-SLR, 2011 U.S. Dist. LEXIS 74586, *7 (D. Del. July 12, 2011).

2.      Sharp's Attempt to Dismiss CyberFone's Direct Infringement Allegations by Arguing the Merits of the Case at the Pleading Stage Is Improper.

CyberFone alleges that Sharp directly infringes the '382 Patent, the '676 Patent, and the '103 Patent. Sharp does not dispute that CyberFone's direct infringement allegations (D.I. 75 ¶¶ 46, 47, 76, 105) comply with Rule 8 and Form 18. Instead, Sharp seeks to dismiss **all** of CyberFone's direct infringement allegations solely on the basis that it cannot directly infringe **claim 19 of the '382 Patent.** (D.I. 95 at 11.) In other words, before any required identification of the asserted claims, before any discovery has taken place, and before the claim language has been construed, Sharp asks that the Court dismiss all of CyberFone's direct infringement allegations (including those relating to two other patents) because claim 19 of the '382 Patent cannot be construed to include Sharp's products. Sharp's request is premature and the issue of whether Sharp's products infringe any of the claims of the '382 Patent is a question of fact that should not be decided on a motion to dismiss.

It is well-settled that "[t]o resolve an allegation of patent infringement, '[t]he court must first interpret the claim and determine the scope and the meaning of the asserted patent claims, and then compare the properly construed claims to the allegedly infringing device.'" *Deston Therapeutics LLC v. Trigen Labs., Inc.*, 723 F. Supp. 2d 665, 670 (D. Del. July 12, 2010) (*citing Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1367 (Fed. Cir. 2004). Accordingly,

4

this Court and many others "have declined to construe patent claims on a motion to dismiss." *Deston*, 723 F. Supp. 2d at 670; *see also Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, (N.D. Cal. Mar. 29, 2011) ("Claim construction and infringement analysis should not be resolved on a motion to dismiss."); *Yangaroo Inc. v. Destiny Media Techs.*, Case No. 09-C-462, 2009 U.S. Dist. LEXIS 82052, *10 (E.D. Wisc. Aug. 31, 2009) ("Because resolution of Destiny's motion to dismiss for failure to state a claim necessarily entails a construction of the claim, which is inappropriate given the infancy of these proceedings, the motion is denied."); *Schreiber v. Eli Lilly & Co.*, C.A. No. 05-CV-2616, 2006 U.S. Dist. LEXIS 13477, *17 n.10 (E.D. Pa. Mar. 27, 2006) ("[T]he proper time for this Court to address claim construction is not in a motion to dismiss.").  In addition, because a Court generally may not consider matters outside of the pleading on a 12(b)(6) motion, the better approach is to have the claim construction issues fully briefed and presented to the Court at a later date.

Even if the Court could decide whether Sharp infringes claim 19 on a motion to dismiss, Sharp completely ignores the fact that CyberFone's infringement allegations are not limited to claim 19 or to the '382 Patent.  (*See* D.I. 75 ¶ 46 (alleging that Sharp's mobile communication devices infringes at least claim 1 of the '382 patent); *id.* ¶ 47 (alleging that Sharp's "smart" electronic media devices infringes at least claim 19 of the '382 Patent); *id.* ¶ 76 (alleging that Sharp's mobile communication devices infringe at least claim 16 of the '676 Patent); *id.* ¶ 105 (alleging that Sharp's mobile communication devices infringes at least claim 18 of the '103 Patent).)  Sharp provides no explanation for why its purported noninfringement of one claim in one of the asserted patents warrants dismissal of ***all*** of CyberFone's direct infringement allegations.  Indeed, CyberFone has yet to identify the asserted claims, and is not required to do so at the pleading stage.  *See Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353

(D. Del. 2010) (holding a plaintiff is not required to specifically plead "each element of the asserted patent's claims or even identify which claims it is asserting."); *see also* Default Standard for Discovery at ¶ 4c (requiring plaintiff to identify the asserted claims within 90 days after the Rule 16 Conference).  Accordingly, Sharp's request for dismissal on the grounds that it does not infringe claim 19 of the '382 Patent is premature at best.

> 3.     The Complaint Adequately Alleges Indirect Infringement.

Defendants move to dismiss CyberFone's indirect infringement allegations on the grounds that the Complaint purportedly does not (1) allege knowledge of the '382 Patent, (2) allege specific intent to induce infringement, or (3) allege that Sharp knew its product was especially designed for use in an infringing combination.  Sharp's arguments are without merit.

First, CyberFone alleges knowledge of the '382 Patent.  At a minimum, CyberFone alleged that Sharp had knowledge of the patent "at least as early as the filing of the original complaint."  (D.I. 75 ¶ 48.)  Although courts have questioned whether knowledge based on the filing of a complaint is sufficient, this Court in *Minkus Electronic Display Systems, Inc. v. Adaptive Micro Systems, LLC*, C.A. No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827, *17 (D. Del. Mar. 16, 2011), suggested that it is at least sufficient where damages are limited to the period dating from the filing of the complaint:

> Given that all defendants will be deemed to have knowledge of the asserted patent as of the date of the complaint was filed, and given that the only consequence (I believe) of this decision is limiting plaintiffs damages to the period dating from a defendant's first knowledge of the [asserted] patent, the court will so limit plaintiff's damages to each defendant unless plaintiff chooses to amend its complaint to allege sufficient facts as to individual defendant's knowledge.

*Id.*  Indeed, even though the defendants challenge CyberFone's allegations regarding knowledge, none denies that it knew of the patents after it was served with the original Complaint in this action.

Second, CyberFone has adequately pled intent for inducing infringement.  In

*Mallinckrodt II*, this Court found plaintiff's allegation that "defendants 'actively induc[e] the

making, use, offer for sale, and/or import of' allegedly infringing [products], 'intend[ing] that

others will use its injector systems in a manner that infringes the [asserted patent]'" sufficient to

plead intent.  *Mallinckrodt Inc. v. E-Z-Em Inc.* ("*Mallinckrodt II*"), 671 F. Supp. 2d 563, 569 (D.

Del. 2009).  Similarly, CyberFone alleges:

> Sharp **has had knowledge of the '382 patent at least as early as the filing of
> the original complaint** and is thus liable for infringement of one or more claims
> of the '382 patent by **actively** inducing infringement and/or is liable as a
> contributory infringer of one or more claims of the '382 patent under 35 U.S.C. §
> 271.

(D.I. 75 ¶ 48 (emphasis added).)  The Court can reasonably infer from CyberFone's allegations

that defendants had knowledge of the '382 Patent by as early as the filing date and are *actively*

inducing infringement that defendants "'knew or should have known [their] actions would

induce actual infringement.'" *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357

(D. Del. Aug. 12, 2010) (*citing Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 352 (D.

Del. Nov. 20, 2009).  Accordingly, the FAC sufficiently states a claim for inducing infringement.

Third, CyberFone has sufficiently placed Sharp on notice of its contributory infringement

claim.  In particular, CyberFone alleges that Sharp's "[accused] products are for use in systems

that infringe at least claim 19 of the '382 Patent."  (D.I. 75 ¶ 48.)  CyberFone also alleges that

Sharp had knowledge of the '382 Patent by as early as the filing date.  Thus, it is reasonable for

the Court to infer that Sharp's accused products "constituted a 'component of an infringing

product' or that its products were especially designed for an infringing combination."  (D.I. 95 at

14.)

Lastly, Sharp argues that it is impossible to allege both direct and indirect infringement. (Opening Brief at 14.)  To the contrary, it is very possible, as CyberFone alleges in this case, that Sharp both 1) provides all of the components of an infringing system and 2) provides components for use in an infringing system with components from others that together form an infringing system.  CyberFone has alleged direct infringement for instances of the former, and indirect infringement for instances of the latter.

       B.       Leave to Amend Should Be Given in the Event That the Court Agrees with Any <u>Part of the Motion.</u>

Should the Court grant any part of Sharp's motion, CyberFone respectfully requests that it be given leave to file a second amended complaint.  The Third Circuit has adopted a liberal approach to the amendment of pleadings.  *See Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989) (holding that district court should use "strong liberality" in considering whether to grant leave to amend.)  Also, "[t]he [C]ourt should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This approach ensures that a particular claim will be decided on the merits rather than on technicalities."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).  Courts generally only deny leave to amend when there has been "undue delay, bad faith, dilatory motive, prejudice, and futility."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1140, 1143 (3d Cir. 1997).  No such circumstances exist here.

       C.       <u>CyberFone Properly Joined Sharp in This Action.</u>

           1.       Legal Standard.

Rule 20 permits several defendants to be joined in an action if (1) the claims against the defendants, arise from the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all plaintiffs or defendants will arise in the action. *See* Fed. R. Civ. P. 20(a).  In exercising their broad discretion to join parties, courts must

consider the "specific fact pattern presented by the plaintiffs and claims before the court."
*Boretsky v. Governor of N.J.*, 433 Fed. Appx. 73, 77 (3d Cir. 2011).

In addition, "the impulse is toward entertaining the broadest possible scope of action
consistent with fairness to the parties; joinder of claims, parties and remedies is strongly
encouraged." *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009); *see also eSpeed, Inc. v.
BrokerTec USA, L.L.C.*, 2004 U.S. Dist. LEXIS 13486, *11-*12 (D. Del. June 15, 2004) ("liberal
requirements" of Rule 20 "permit 'all reasonably related claims for relief by or against different
parties to be tried in a single proceeding.  Absolute identity of all events is unnecessary.'").

2.       The America Invents Act Does Not Apply.

Sharp's reliance on the recently enacted America Invents Act is misplaced.  The Act
expressly states that the new provision applies only to "civil actions commenced on or after the
date of the enactment of [the] Act." 35 U.S.C. § 299(e).  This action, however, was filed before
the Act's enactment,[1] and Sharp's attempt to retroactively apply the Act is unsupportable. *See
SoftView LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2011 U.S. Dist. LEXIS 140540, *5-*6 (D.
Del. Dec. 7, 2011) (rejecting application of AIA to case filed before enactment).

Moreover, Sharp's attempt to suggest that the Act codifies the law in every jurisdiction –
including this Court – except for the Eastern District of Texas is incorrect.  For instance,
although Sharp cites other cases from outside of this District to support its position, those cases
simply reflect one side of the pre-Act judicial divide on joinder. *See Wacoh Co. v. Kionix Inc.*,
No. 10-617-RGA, Mem. Op. at 4 (D. Del. Jan. 9, 2012) (acknowledging that "[t]here is a split of

---

[1] Sharp's one-sentence argument that the FAC does not relate back because the original
complaint failed to satisfy Rule 8 is unsupported.  Here, the FAC relates back because "the
amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set
out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  The
FAC alleges that Sharp infringes the same three patents asserted in the original Complaint by
making, using, selling, offering to sell, or importing, the same accused products identified in the
original Complaint.  As explained above, the additional allegations relating to Sharp's "smart"
electronic media devices were a result of Sharp's request to be dropped from C.A. No. 11-833.

9

authority" regarding joinder of patent defendants).  Several other courts have declined to find

that different accused products require severance.  *See, e.g., Alford Safety Servs., Inc. v. Hot-*

*Hed, Inc.*, C.A. No. 10-1319, 2010 U.S. Dist. LEXIS 98152, *27 (E.D. La. 2010) ("[T]he

majority [of courts] hold the view that joinder is proper in patent infringement  suits."); *Sprint*

*Communs. Co., L.P. v. Theglobe.com*, 233 F.R.D. 615, 617 (D. Kan. 2006) ("[T]he court finds

that it is proper to join Sprint's claims against the Vonage defendants with its claims against

TGCI."); *Helicos Bioscience Corp. v. Pacific Biosciences of California*, Civ. No. 10-735-SLR,

2011 U.S. Dist. LEXIS 148009, *8 (D. Del. Dec. 22, 2011); *SRI Int'l, Inc. v. Internet Security*

*Sys., Inc.*, Civ. No. 04-1199-SLR, 2005 U.S. Dist. LEXIS 6797, at *11-*12 (D. Del. Apr. 13,

2005).

      3.    CyberFone's Claims Arise Out of the Same Transactions or Occurrences.

      CyberFone's claims against the defendants arise out of the same transactions or

occurrences.  For instance, the three patents asserted against Sharp are also asserted against

defendants Verizon, AT&T, Sprint, T-Mobile, Cricket, Virgin, U.S. Cellular, MetroPCS,

TracFone, Boost, Apple, RIM, Samsung, HTC, Pantech, LG, HP, Sony Ericcson, Motorola,

Huawei, Nokia, and ZTE.  (D.I. 75, Counts I, II, III.)  And all of the patents are related –

substantively, by patent family, or both.  Indeed, all of the patents name Mr. Martino as the

inventor, two of the patents were prosecuted before the United States Patent and Trademark

Office ("PTO") by the same primary PTO examiner, two of the patents share the same

specification, and each patent cites to much of the same prior art.

      Moreover, Sharp's interpretation of Rule 20 as imposing a *per se* prohibition on joinder if

the joined defendants are unrelated – even if the defendants make or sell "similar products" – is

incorrect.  (D.I. 95 at 19.)  Indeed, the presumption is in favor of, not against, joinder: "'the

impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan*, 570 F.3d at 153 (*citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1996)); *see also eSpeed, Inc.*, 2004 U.S. Dist. LEXIS 13486, *11-*12 ("liberal requirements" of Rule 20 "permit 'all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'"). And the Third Circuit has cautioned that a court's broad discretion to permit joinder under Rule 20 must be "based on the specific fact pattern presented by the plaintiffs and claims before the court," and not on "general assumptions." *Hagan*, 570 F.3d at 157; *see also Boretsky*, 433 Fed. Appx. at 77 (same).

Consistent with that guidance, recent decisions from this Court have rejected the *per se* rule Sharp proposes, that infringement by separate accused products are necessarily separate transactions and occurrences. Less than a month ago, defendant Life Technologies in *Helicos* moved to sever on the grounds that its co-defendants were direct competitors offering different accused products. *Helicos*, 2011 U.S. Dist. LEXIS 148009, *4, *8 n.4. This Court denied the motion, holding that there were common transactions and occurrences because "of . . . commonalities in the accused technologies . . . as well as the overlap in the asserted patents." *Id.* at *9. Likewise, in *SRI International*, the defendants developed and sold separate and distinct accused products and moved to sever. *Id.* at *2-*4. The Court again declined to sever, holding that there were common transactions and occurrences because there were infringement claims against both defendants under two common patents and the accused products involved the same technology, computer network protection systems. *Id.* at *11-*12. Under the reasoning of *Helicos* and *SRI International*, the claims against Sharp and its co-defendants satisfy the "same transaction or occurrence" requirement.

The Delaware authorities relied on by Sharp were decided prior to *SRI*, *Softview*, and *Helicos*, and are not controlling because they involved unique factual circumstances that are not present in this case.  In *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415 (D. Del. 2004), one of the defendants was severed "in the interests of justice" because the other defendant had chosen not to mount a defense.  *Id.* at 418 ("Because Hango is accused of patent infringement and will stand defenseless at trial, there is the real prospect that the jury will assume that CMT is liable for patent infringement by association with Hango.").  Severing the defendants for trial under Rule 21 might have been appropriate, independent of the Court's analysis of the "same transaction or occurrence" issue.  *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch*, 564 f. Supp. 1358 (D. Del. 1983) is distinguishable based on its procedural posture.  There, Merrill Lynch, the patentee and declaratory judgment defendant, filed a complaint for infringement against a third party and attempted to circumvent Fed. R. Civ. P. 14 by shoe-horning its third party complaint into Fed. R. Civ. P. 13(h), which allows adding parties to a counterclaim or cross claim consistent with Fed. R. Civ. P. 19 and 20.  *Id.* at 1370.  In any event, no Third Circuit precedent supports Sharp's *per se* rule, which runs counter to the Court's admonition against "general assumptions."  *Hagan*, 570 F.3d at 157.

    4.  Common Questions of Law and Fact Pervade This Action.

The issues in this action give rise to common questions of law and fact.  As discussed above, the patents are related, and in multiple ways – whether by subject matter, specification, claims, family, inventors, prosecutors, examiners, or prior art.  Under similar circumstances, this Court has concluded that common questions of fact and law exist in support of joinder.  *SRI Int'l, Inc.*, 2005 U.S. Dist. LEXIS 6797, at *11 ("It is the experience of this court that patents over the same technology often give rise to the same questions of law and fact (e.g., same prior art

references, same level of ordinary skill in the art.)"); *Helicos*, 2011 U.S. Dist. LEXIS 148009, *9 n.6 (same); *see also Eastman Chem. Co. v. Alphapet Inc.*, Civ. No. 09-971-LPS, D.I. 100, Mem. Order at 6 (D. Del. Dec. 29, 2011) (finding "numerous common questions of fact and law" in context of consolidation motion based on related patents covering similar technology and sharing the same specification and similar claimed processes).  The same result is warranted here.

In a one-clause statement, Sharp argues that "'the damages issues . . . time frames, accused conduct, and discovery issues will obviously vary from company to company.'"  (D.I. 95 at 19.)  Even aside from the lack of proof, Sharp overstates the differences.  For instance, looking only at the fifteen *Georgia-Pacific* factors, several are directed to CyberFone, while others are not necessarily tied to either party (e.g., licenses to the patents-in-suit; the nature and scope of the license; CyberFone's patent policies; convoyed sales; duration of the patent; success of the patented product; advantaged of the patent over other devices; nature of the patented invention; customary terms; and opinion of experts).  Likewise, discovery will overlap.  CyberFone will certainly produce the patents to each of the defendants, along with relevant prosecution documents, licenses, and corporate information.  CyberFone's relevant corporate witnesses, the named inventor, prosecuting attorney, and prior art witnesses are also likely to overlap.

Moreover, Sharp ignores a host of other issues that raise common questions of law and fact.  These include at least issues of: (i) inventorship; (ii) conception and reduction to practice of the patented inventions; (iii) priority date to which each asserted claim is entitled; (iv) the prior art; (v) the definition of ordinary skill in the art.  *See SRI Int'l*, 2005 U.S. Dist. LEXIS 6797, at *11 ("e.g., same prior art references, same level of ordinary skill in the art").

     5.       Joinder in This Action Does Not Unduly Prejudice Sharp.

Sharp's concerns about undue prejudice, principally jury confusion, is a concern in any case involving multiple plaintiffs or defendants. Indeed, this Court has previously recognized that if it were required to consider all defendants separately, "the court would never hear a patent case involving more than one defendant – a result the court's limited judicial resources cannot permit." *Helicos*, 2011 U.S. Dist. LEXIS 148009, at *8 n.4.

     6.       Joinder Is the Most Efficient and Fair Procedure for Resolving the Parties' Disputes.

Dismissing the claims against Sharp would only result in a new action, increase the costs to the parties and the Court, and delay CyberFone's right to relief. As Sharp would have it, this Court would be required to hold multiple claim construction proceedings, address separately discovery and dispositive issues that are common between the parties, review potentially the same invalidity and unenforceability defenses, as well as any number of prior art references relating to such defenses, and hear testimony from witnesses who are relevant to each defendant, among other overlapping issues. It would be a waste of resources for this Court to address all of these issues twice, or even more if others move to sever. *See SRI Int'l*, 2005 U.S. Dist. LEXIS 6797, at *11-*12 (holding multiple claim construction hearing and determining defendants' invalidity defenses separately "would be an inefficient use of judicial resources.")

     7.       Dismissal Is Improper Even Assuming Sharp Was Improperly Joined.

In the event the Court agrees with Sharp that it is improperly joined under Rule 20(a), the Court should not dismiss the claims against Sharp altogether. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."). The appropriate remedy would be to sever Sharp from the case and add the claims against Sharp relating to the '382 Patent back to C.A. No. 11-833. As explained above, CyberFone initially asserted the '382

patent against Sharp in C.A. No. 11-833 and later dismissed Sharp in that action as a courtesy in response to a request from Sharp's counsel.  The allegations against Sharp in C.A. No. 11-833 were then added to the amended Complaint filed in this action.  (*See* D.I. 75, ¶¶ 46, 47.)  Thus, Sharp's argument that it should be dismissed for misjoinder because, unlike the other defendants, it does not "make, sell, offer to sell, or import handsets" case is inaccurate.  (D.I. 95 at 18)  In fact, not only is Sharp's assertion unsupported, it is expressly contradicted by its own counsel's representation that Sharp "has one current cell phone on the market, the Sharp FX Plus…."  (Ung Decl. ¶ 2, Ex. 1.)

In addition, even the cases cited by Sharp confirm that severance, and not dismissal, is the appropriate remedy here.  For example, in *Androphy v. Smith & Nephew, Inc.*, the court explicitly held that "misjoinder is not grounds for dismissal."  31 F. Supp. 2d 620, 623 (N.D. Ill. 1998); *see also Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004) (severing claims for separate trial).  Dismissing the claims against Sharp would only result in a new action, which would have to start all over again, wasting party and judicial resources.

## V.    CONCLUSION

CyberFone's Amended Complaint has adequately pled a claim for relief and complies with the pleading requirements of this Court.  The motion should therefore be denied.  But if the Court disagrees, CyberFone should be granted leave to amend.

Sharp's joinder in this action is proper because of the numerous similar factual and legal issues.  Sharp's joinder in this action is especially proper because it was done at Sharp's counsel's request.

Dated:  January 20, 2012

Of Counsel:

Marc A. Fenster
Bruce D. Kuyper
Fredricka Ung
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com
bkuyper@raklaw.com
fung@raklaw.com

BAYARD, P.A.

/s/ *Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff,
CyberFone Systems, LLC