IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYBERFONE SYSTEMS, LLC (formerly known as LVL PATENT GROUP, LLC), <br><br> Plaintiff, <br><br> v. <br><br> CELLCO PARTNERSHIP; AT&T MOBILITY, LLC; SPRINT SPECTRUM L.P.; T-MOBILE USA, INC.; CRICKET COMMUNICATIONS, INC.; VIRGIN MOBILE USA, L.P.; UNITED STATES CELLULAR CORPORATION; METROPCS WIRELESS, INC.; TRACFONE WIRELESS, INC.; BOOST MOBILE, LLC; APPLE, INC.; RESEARCH IN MOTION CORPORATION; NOKIA INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, INC.; MOTOROLA MOBILITY, INC.; HTC AMERICA, INC.; SHARP ELECTRONICS CORPORATION; PANTECH WIRELESS, INC.; LG ELECTRONICS MOBILECOMM U.S.A., INC.; HEWLETT-PACKARD COMPANY; SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC.; CASIO AMERICA, INC.; FUTUREWEI TECHNOLOGIES, INC.; ZTE (USA) INC.; AND KYOCERA WIRELESS CORP, <br><br> Defendants. | C.A. No. 11-827 (SLR) |

**MOVING WIRELESS HANDSET MANUFACTURERS' REPLY BRIEF IN SUPPORT
OF THEIR MOTION TO SEVER FOR MISJOINDER**

February 6, 2012

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION ........................................................................................................1

II. ARGUMENT ................................................................................................................3

    A. Any Right to Relief Against the Moving Defendants Did Not Arise Out of The Same Transaction Or Occurrence ........................................................3

    B. The AIA Applies to this Dispute Because the FAC Does Not Relate Back to the Original Complaint ................................................................7

    C. The Most Efficient Arrangement of Defendants Is Not the Twenty-Two Actions CyberFone Has Created ...................................................................9

III. CONCLUSION ...........................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abbott Labs. v. Johnson & Johnson, Inc.*,
   524 F. Supp. 2d 553 (D. Del. 2007) ............................................................................................8

*Brandywine Commc'ns Techs., LLC v. Apple, Inc.*,
   C.A. No. 11-1512-Orl-36KRS, slip op. (M.D. Fla. Jan. 24, 2012) ..........................................4

*Codex Corp. v. Milgo Elec. Corp.*,
   553 F.2d 735 (1st Cir. 1977) ....................................................................................................10

*DirecTV, Inc. v. Leto*,
   437 F.3d 842 (3d Cir. 2006) ......................................................................................................3

*Hagan v. Rogers*,
   570 F.3d 146 (3d Cir. 2009) ......................................................................................................4

*Illinois Tool Works, Inc. v. Foster Grant Co.*,
   395 F. Supp. 234 (N.D. Ill. 1974) ..............................................................................................8

*MyMail, Ltd. v. Am. Online, Inc.*,
   223 F.R.D. 455 (E.D. Tex. 2004) ..............................................................................................6

*MicroUnity Sys. Eng'g, Inc. v. Acer Inc.*,
   No. 2:10-CV-91-TJW-CE, 2011 WL 4591917 (E.D. Tex. Sept. 30, 2011) ..............................6

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch Pierce, Fenner & Smith, Inc.*,
   564 F. Supp. 1358 (D. Del. 1983) .............................................................................................3

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
   220 F.R.D. 415 (D. Del. 2004) ..................................................................................................3

*Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*,
   447 F.3d 1284 (10th Cir. 2006) .................................................................................................7

*Rudd v. Lux Prods. Corp.*,
   C.A. No. 09-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011) .................................................4

*Softview LLC v. Apple Inc.*,
   10-389-LPS, 2011 U.S. Dist. LEXIS 112476, 2011 WL 4571793
   (D. Del. Sep. 30, 2011) ..........................................................................................................5, 6

*Sony Elecs., Inc. v. Orion IP, LLC*,
   C.A. No. 05-255-GMS, 2006 WL 680657 (D. Del. Mar. 14, 2006) .......................................10

*SRI Int'l, Inc. v. Internet Security Sys., Inc.*,
  C.A. No. 04-1199-SLR, 2005 U.S. Dist. LEXIS 6797 (D. Del. Apr. 13, 2005) ....................... 5

*Wacoh Co. v. Kionix, Inc.*,
  C.A. No. 10-617-RGA, 2012 WL 70673 (D. Del. Jan. 9, 2012) ......................................... 3, 8

**RULES AND STATUTES**

Fed. R. Civ. P. 15 ........................................................................................................................ 8

Fed. R. Civ. P. 20 ................................................................................................................ *passim*

**OTHER AUTHORITIES**

H.R. REP. No. 112-98, pt. 1 (2011) ............................................................................................. 6

## I.     INTRODUCTION

CyberFone Systems, LLC ("CyberFone"), in its response to the Moving Defendants' motion for misjoinder, claims that "the primary purpose of permissive joinder is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" (D.I. 135 at 3). To be clear, however, this has never been a situation where this Court has been provided a choice between a single and multiple actions. CyberFone deprived the Court of that choice when it brought **nine** separate actions against more than 150 defendants on the same five related patents, and then brought **thirteen** additional actions on one of the patents-in-suit here.[1] CyberFone thus always intended to require the Court to engage in what it now claims would be a waste of resources, including "conduct[ing] multiple claim construction hearings," and "review[ing] parallel briefs on common issues in multiple cases." (*Id.* at 9). Those complaints are simply hollow arguments made to foist the blame for a very burdensome case from itself to the defendants.

Indeed, CyberFone never discusses the individual defendants' products and services, or even their industries, in its answering brief.[2] (D.I. 135). Instead, CyberFone states broadly that joinder is appropriate because the defendants' "products function similarly to one another's products for infringement purposes." (*Id.* at 8). CyberFone does not even discuss what that alleged similarity is and ignores the diversity of products it has accused in this action—including HDTVs, Blu-ray players, kiosks, mobile phones, cellular networks, and Siri. CyberFone does

---

[1]     On January 30, 2012, CyberFone brought thirteen separate actions asserting infringement of the '060 patent: one against each of the unrelated defendants already a party in the 11-828 action. These actions are C.A. Nos. 12-107 and 12-109 through 12-120.

[2]     CyberFone does identify the "Apple iPhone 4S," but only as being the sole product accused of infringing the '024 patent. This statement is incorrect, however, as the FAC identifies the "Siri application on [the] iPhone 4S" as allegedly infringing the '024 patent, and not the iPhone 4S itself. (D.I. 75 ¶ 132)

not point to any common transaction or occurrence concerning these products that would justify joining all of them into a single action—especially when CyberFone has filed several overlapping actions.³ Although CyberFone tries to justify the separate patents and products by arguing that "[b]ecause the patents are related, they are 'of the same technology'" (*id.* at 5), that is no different from saying they involve the same patents. That is not the law of joinder. Although Rule 20 permits joinder of unrelated defendants when the facts show that a common transaction or occurrence links all defendants, alleged infringement of the same patent—and the things that necessarily follow therefrom—without more, simply does not satisfy this standard.⁴

Moreover CyberFone undercut its joinder arguments when it filed the nine original actions—all of which involve the patents asserted in this case. Indeed, it then filed thirteen more actions against each of the remaining unrelated defendants in the 11-828 action, asserting one of the patents-in-suit already asserted in this action. Coordination across the actions is already required to avoid duplication of effort, and CyberFone's arrangement of defendants does not help. Nowhere does CyberFone explain why it gets to decide how to slice and dice 150 separate companies with hundreds of different products across many industries into twenty-two actions,

---

3     There is no inherent reason, for example, why issues relating to Sharp's Blu-ray players and televisions should be heard with the so-called "Wireless Handset Manufacturers" in the 11-827 action rather than the other Blu-ray and television manufacturers in the 11-833 action, why two separate Motorola entities are accused of selling the same products in two separate actions, or why the '024 patent is asserted only against Apple in the 11-827 action when the same claims are the only ones asserted in 11-832, or why the same patents are asserted in different actions.

4     CyberFone raises other purported commonalities with respect to the "common issues of fact and law" element, such as "conception and reduction to practice of the asserted patents, claim construction level of skill in the art, and relevance of prior art." (D.I. 135 at 8). All of these so-called commonalities, however, necessarily arise from the assertion of common patents, and do not relate to the requirement that the "**right to relief** . . . ar[ose] out of the same transaction, occurrence, or series of transactions or occurrences." Congress has recently confirmed with the passage of the AIA that the mere assertion of a common patent is an insufficient basis for joinder.

where neither the defendants nor the Court have any say in the matter. Nor does it acknowledge that the Court retains the discretion to coordinate pretrial proceedings across separate actions so as to reduce any burden to the Court, or that any difficulties caused by severance are a problem of its own making—a natural consequence of having sued over 150 defendants.

There is no reason to force the inclusion of otherwise uninterested parties into disputes because CyberFone chose to lump them together in a particular action. Separation solves this problem and reduces the number of parties before the Court for any given issue to only those parties with an interest in that dispute.[5]

## II. ARGUMENT

### A. Any Right to Relief Against the Moving Defendants Did Not Arise Out of The Same Transaction Or Occurrence

As discussed in the Moving Defendants' Opening Brief, Rule 20 has two distinct tests, **both** of which must be satisfied to permit joinder, and the failure of **either** results in the misjoinder of the parties. *DirecTV, Inc. v. Leto*, 437 F.3d 842, 844 (3d Cir. 2006) ("Misjoinder . . . occurs when there is no common question of law or fact or when, as here, the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction."); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) ("In order to permit joinder, both tests must be satisfied.") (citing *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1370 (D. Del. 1983)); *Wacoh Co. v. Kionix, Inc.*, C.A. No. 10-617-RGA, 2012 WL 70673, at *1 (D. Del. Jan. 9, 2012) ("there are two conditions that need to be met for joinder of defendants").

---

[5] Separating the actions, for example, would not affect the ability of the Court and the parties to coordinate proceedings across the various cases, as appropriate, such as by asserted patents or accused products.

CyberFone claims that the "common 'series of transaction or occurrences' prong of Rule 20(a) is satisfied . . . when products of different defendants function similarly for infringement purposes." (D.I. 135 at 7). Even accepting this standard *arguendo*, all CyberFone contends is that "the Moving Defendants' products function similarly to one another's products ***for infringement purposes***" (*id.* at 8) (emphasis added),[6] which is no different from contending that they infringe the same patent.[7] In any event, it is difficult to conceive that claims relating to Sharp's allegedly infringing "Blu-ray players" and "HDTVs," Motorola's allegedly infringing "Kiosks," and Apple's allegedly infringing "Siri application" could all arise out of the same transaction or occurrence as claims against the accused mobile phones. Nor does joinder in this action make sense when "Blu-ray players" and "HDTVs" are also accused in the 11-833 action, and "Kiosks" are also accused in the 11-834 action.

The Delaware cases CyberFone cites are distinguishable from this action. For example, in *Helicos Biosciences Corp. v. Pacific Biosciences of Ca.*, plaintiff made detailed factual

---

[6] Although CyberFone also asserts that "there *is* overlap in the accused products" with the Wireless Carriers (*id.* at 8), it argues at the same time in its opposition to the separate motion to stay that "[t]he infringement allegations against Wireless Carriers are different from those against Wireless Handset Manufacturers." (D.I. 136 at 2). CyberFone also fails to mention that the Moving Wireless Carriers have sought a stay, the grant of which would avoid any duplicative proceedings.

[7] If infringement of common patents were sufficient in and of itself, that would "eviscerate[] the same transaction or occurrence requirement and make[] it indistinguishable from the requirement that there be a common question of law or fact." *Brandywine Commc'ns Techs., LLC v. Apple, Inc.*, C.A. No. 11-1512-Orl-36KRS, slip op. at 4 n.2 (M.D. Fla. Jan. 24, 2012) (quoting *Rudd v. Lux Prods. Corp.*, C.A. No. 09-6957, 2011 WL 148052, at *2-3 (N.D. Ill. Jan. 12, 2011)) (Ex. A). Even in CyberFone's cited case, *eSpeed, Inc. v. BrokerTec, USA, LLC*, Judge Jordan explicitly held "[i]nfringement of the same patent by different machines and parties **does not constitute** the same transaction or occurrence to justify joinder." C.A. No. 03-612-KAJ, 2004 U.S. Dist. LEXIS 13486, at *10 n.9 (D. Del. June 15, 2004) (emphasis added) (cited by CyberFone in D.I. 135 at 3). CyberFone's joinder arguments are improperly based on "general assumptions" and not "based on the specific fact pattern presented by the plaintiff[]." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009).

assertions, including in claim charts, about the identical functioning of products made by only two companies. C.A. No. 10-735-SLR, 2011 WL 6758481, at *2 (D. Del. Dec. 22, 2011). The Court in particular considered:

> the accused Starlight technology "shares fundamental elements in common with PacBio's accused RS product," such as reliance on detecting labeled nucleotides as a polymerase, the use of four nucleotides with distinct fluorescent labels and optical detection zones limited to the immediate vicinity of the polymerase. (D.I. 81 at 7) Helicos offers limitation-by-limitation infringement contentions in support of this position. (*Id.* at 7-10) Helicos also alleges that both Life's and Illumina's products perform single molecule sequencing using optical detection of nucleic sequences. (D.I. 81 at 14, n.6) Life does not dispute the foregoing in its reply papers. (D.I. 94 at 9-10)

*Id.* CyberFone, on the other hand, asks the Court to create a rule that any number of defendants with any number of different products functioning in different ways would satisfy the "transaction or occurrence" test so long as they infringe the same patent or patents. *Helicos* states no such rule; nor is it the law.

Likewise the older case of *SRI Int'l, Inc. v. Internet Security Sys., Inc.,* C.A. No. 04-1199-SLR, 2005 U.S. Dist. LEXIS 6797 (D. Del. Apr. 13, 2005) does not support CyberFone's position. In *SRI*, decided before the events and opinions leading to the AIA, the plaintiff alleged infringement by only two defendants in the very narrow field of "computer network protection systems." *Id.* at *11. This again is more than a common patent alone, and more than CyberFone alleges in response to Moving Defendants' motion.[8]

---

[8] CyberFone also cites to *Softview LLC v. Apple Inc.*, 10-389-LPS, 2011 U.S. Dist. LEXIS 112476, at *1-3, 2011 WL 4571793, at *1 (D. Del. Sep. 30, 2011), stating that the Court "granted the motion over defendants' objection that there would be jury confusion." (D.I. 135 at 4). In fact, Judge Stark explicitly reserved on the question of severance at trial. *Softview*, 2011 WL 4571793, at *1 ("Under the circumstances, it would be premature for the Court to decide the issue of separate trials"). Leave to amend was granted because the objections made by defendants "consist[ed] of concern about jury confusion" and as the Court considered those concerns premature, it held that the "concerns raised by Defendants d[id] not present a sufficient reason to deny Softview leave to amend." *Id.* Moreover, the issue of joinder is not yet settled in *Softview*. The new defendants have, in

(Continued . . .)

CyberFone also tries to downplay the importance of the AIA by suggesting that this Court should disregard the AIA merely because this action was filed an hour before its enactment. (D.I. 135 at 6). Not so. The AIA represents Congress's intent to "abrogate[] the construction of Rule 20(a) adopted in *MyMail . . . Sprint Communications Co. v. Theglobe.com, Inc . . . Alford Safety Services, Inc. v. Hot-Hed, Inc. . . .* –**effectively conforming** these courts' jurisprudence to that **followed by a majority of jurisdictions**." H.R. REP. No. 112-98, pt. 1, at 55 n.61 (2011) (emphasis added). Although CyberFone tries to pass these words off as arguments by Moving Defendants, they are not—they are Congress's own words. The cases Moving Defendants cite do not "represent only one side of the pre-AIA judicial divide on joinder" (D.I. 135 at 7); they represent the Congressionally-approved, and now mandated, judicial interpretation of Rule 20 in patent actions.[9] CyberFone's arguments for joinder of any defendant—based on general statements in non-patent cases that "the impulse is toward entertaining the broadest scope of action," and that "joinder of claims, parties and remedies is strongly encouraged" (D.I. 135 at 3)—simply ignore that Congress has reached the exact contrary conclusion in the AIA.

---

(. . . continued)
    fact, sought severance in separate motions, which are currently pending. (C.A. No. 10-389 D.I. 143, 148, 153, 156, 185).

[9]   Indeed, other than the one District of Kansas opinion CyberFone now cites, the *MyMail* line of cases have been cited approvingly almost exclusively within the Fifth Circuit. The opinions Moving Defendants have cited in this and their Opening Brief (D.I. 102 at 10-14), on the other hand, reflect decisions in patent cases from the Second, Third, Fourth, Seventh, Eighth, Ninth, and Eleventh Circuits. Even the *MyMail* line of cases that CyberFone cites from the Fifth Circuit are much different than this one. In *MyMail, Ltd. v. Am. Online, Inc.,* the defendants "shared resources, such as dial-up Internet access numbers." 223 F.R.D. 455, 457 (E.D. Tex. 2004). Similarly, in *MicroUnity Sys. Eng'g, Inc. v. Acer Inc.*, No. 2:10-CV-91-TJW-CE, 2011 WL 4591917, at *3 (E.D. Tex. Sept. 30, 2011), the accused products all used the same component (the ARM architecture and instruction set). CyberFone has made not a single allegation that there is any such connection between the defendants or their products.

### B. The AIA Applies to this Dispute Because the FAC Does Not Relate Back to the Original Complaint

CyberFone does not contest that joinder would be improper under the AIA, but instead claims that the AIA is inapplicable because "this case was filed pre-AIA." (D.I. 135 at 1). There can be no dispute, however, that CyberFone filed the First Amended Complaint ("FAC") well after the enactment of the AIA. And although CyberFone claims that "[t]he Moving Defendants' reliance on *Farina v. Nokia, Inc.*, . . . is mystifying" (*id.* at 9), the Third Circuit in *Farina* considered exactly the question of how to determine whether a complaint filed before the enactment of a statute, but amended after enactment, "commenced" before or after the statute. 625 F.3d 97, 111-13, (3d Cir. 2010). Indeed, CyberFone's attempt to completely ignore the effect of amending its Complaint is precisely what concerned the *Farina* court:

> [T]he unqualified disregard of any post-[Act] pleading amendments ... entails the practically untenable result that once a pre-[Act] case is filed, the plaintiff can tack on new causes of action so substantively independent of the original case that they would be properly treated as filed after [Act]'s effective date for all legal purposes ... *except for [the Act]*.

625 F.3d at 111 (quoting approvingly *Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1288 n.4 (10th Cir. 2006)). Despite the warning of *Farina*, CyberFone attempts to "tack on" new allegations to its original Complaint without regard to the AIA.

First, the FAC added an entirely new patent: the '024 patent. Moreover, the only product accused of infringing the '024 patent, the Siri application, is not alleged to infringe any other patent in the action.[10] These claims could not have related back to the original Complaint, which neither alleged infringement of the '024 patent nor alleged infringement of anything similar to

---

[10] CyberFone cites to *Helicos* in rebuttal to the Moving Defendants' citation of *Illinois Tool Works, Inc. v. Foster Grant Co.*, 395 F. Supp. 234, 250-51 (N.D. Ill. 1974) for the proposition that "alleged infringement of a patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent." (D.I. 135 at 10). *Helicos*, however, dealt with the same, not *different* patents.

Siri. *Cf. Wacoh*, 2012 WL 70673, at *2 (holding that infringement of different patents with different products did not constitute the same "transaction occurrence, or series of transactions or occurrences."). Second, contrary to CyberFone's allegation that "the indirect infringement claims . . . relate back by the plain terms of Rule 15" (D.I. 135 at 12), the FAC added allegations of indirect infringement that, because of the admitted lack of pre-service knowledge of the patents, *did not exist until after service of the original Complaint*. *See Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 558 n.10 (D. Del. 2007) (holding that a pleading could not relate back when the cause of action came into existence only after the original pleading). Next, although CyberFone claims, without citation to any authority, that "[t]he infringing product need not have been mentioned by name in the original Complaint" (D.I. 135 at 11), it cannot avoid that it did not identify any allegedly infringing products in the original Complaint. Moreover, the newly accused "Blu-ray players," "HDTVs," and "Kiosks" are not the same transaction or occurrence as the "mobile communication devices that include a data transaction server" from the original Complaint, and therefore cannot relate back.

Finally, CyberFone simply ignores that "CyberFone's original thread-bare eleventh hour complaint to avoid the express misjoinder provisions of the AIA was facially defective . . . . CyberFone did not identify *any* accused products, services, or methods until more than two months after the AIA was enacted." (D.I. 102 at 18) Indeed, after filing its original Complaint in haste to beat the enactment of the AIA, CyberFone acknowledged its legal deficiencies and amended it to identify products even before the Defendants could respond—but even this was well after the enactment of the AIA. CyberFone's bare original Complaint, filed at the literal eleventh hour, should not allow it to circumvent Congress's intent for the AIA, when even CyberFone acknowledged further detail was necessary.

### C. The Most Efficient Arrangement of Defendants Is Not the Twenty-Two Actions CyberFone Has Created

Joinder is also an inefficient use of the Court's, and the parties', resources. CyberFone argues that separating the Moving Defendants in this action would result in a parade of horribles for the Court, claiming that separation will "increase the burden on the Court." (D.I. 135 at 9). What CyberFone neglects to mention, however, is that it has already chosen to inflict these very things upon the Court (and the defendants) by filing **twenty-two** separate actions against more than 150 defendants. If, as CyberFone suggests in its brief, the Court must hold a separate *Markman* hearing for each action, the Court is already faced with twenty-two hearings on the same five patents, each of which has been asserted in this action. The same can also be said for every argument that CyberFone makes about waste or inefficiency in its opposition to the defendants' motion. CyberFone's arguments are simply an attempt to misdirect blame for the burden it itself forced upon this Court when it filed these actions.

In evaluating efficiency, therefore, the question is not one case or several, but instead how the several cases should be arranged. Indeed, CyberFone does not dispute the Moving Defendants' arguments that they will be prejudiced at trial, but instead claims that "[s]everance for trial can be considered close to trial . . . ." (D.I. 135 at 8). Delaying until trial, however, does not serve efficiency with the multi-action nature of this case. As Chief Judge Sleet held, "[a]lthough there may be some efficiency to be gained by consolidating certain aspects of discovery, [plaintiff] ignores the possibility that collateral issues specific to any one of the many unrelated parties involved in both cases may create inefficiencies that would not arise if the proceedings remained separate." *Sony Elecs., Inc. v. Orion IP, LLC*, C.A. No. 05-255-GMS, 2006 WL 680657, at *2 (D. Del. Mar. 14, 2006) (citing *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 739 (1st Cir. 1977)). The Court is already faced with overlapping, but separate,

actions that eliminate the potential efficiency of a single action.[11] To the extent that efficiency can be gained before trial, it is by narrowing disputes and issues to only the interested parties—not by lumping disparate defendants together in a single action. Separate actions leave the Court and the parties free to choose the parties with whom to coordinate on any given issue, and will prevent a dispute among a limited number of parties from engulfing otherwise uninterested parties merely by virtue of being part of the same action.

### III. CONCLUSION

For the foregoing reasons, and the reasons stated in their Opening Brief, the Moving Defendants respectfully request that the Court dismiss them from this case, or in the alternative, sever the claims against them from the other defendants.

| YOUNG CONAWAY STARGATT & TAYLOR LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| */s/ Karen L. Pascale* | */s/ Paul Saindon* |
| _____ | _____ |
| Karen L. Pascale (#2903) | Jack B. Blumenfeld (#1014) |
| James L. Higgins (#5021) | Karen Jacobs Louden (#2881) |
| Rodney Square | Paul Saindon (#5110) |
| 1000 North King Street | 1201 N. Market Street |
| Wilmington, DE 19801 | P.O. Box 1347 |
| (302) 571-6600 | Wilmington, DE 19899-1347 |
| kpascale@ycst.com | (302) 658-9200 |
| jhiggins@ycst.com | jblumenfeld@mnat.com |
| *Attorneys for Defendant LG Electronics MobileComm U.S.A., Inc.* | klouden@mnat.com |
| | psaindon@mnat.com |
| | *Attorneys for Defendant Motorola Mobility* |

---

[11] CyberFone's January 30, 2012 addition of thirteen lawsuits—one against each unrelated defendant in the 11-828 action—that alleged infringement of one of the same five patents further illustrates why joint actions are inappropriate. As facts and contentions are revealed throughout discovery, new issues that will likely be specific to some, but not all, defendants will be uncovered. Rather than rearranging the actions whenever a new issue is discovered, as CyberFone attempted to do on January 30 and which has the potential to add additional rounds of motion practice, separate actions can be coordinated as appropriate on each issue.

OF COUNSEL:

R. Tyler Goodwyn, IV
Song K. Jung
Renzo N. Rocchegiani
MCKENNA LONG & ALDRIDGE LLP
1900 K. Street, NW
Washington, DC 20006
(202) 496-7500

OF COUNSEL:

Jonathan E. Retsky
Thomas Williams
James Winn
Michael Brody
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600

Krishnan Padmanabhan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700

| | |
|---|---|
| RATNERPRESTIA | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ *Rex A. Donnelly, IV* | /s/ *Paul Saindon* |
| _____ | _____ |
| Rex A. Donnelly, IV (#3492)<br>1007 Orange Street, Suite 1100<br>Wilmington, DE 19801<br>(302) 778-2500<br>radonnelly@ratnerprestia.com | Jack B. Blumenfeld (#1014)<br>Karen Jacobs Louden (#2881)<br>Paul Saindon (#5110)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>klouden@mnat.com<br>psaindon@mnat.com |
| *Attorneys for Defendant*<br>*Hewlett-Packard Company* | *Attorneys for Defendant HTC America, Inc* |
| OF COUNSEL: | OF COUNSEL: |
| M. Elizabeth Day<br>Marc C. Belloli<br>Sal Lim<br>FEINBERG DAY ALBERTI & THOMPSON LLP<br>401 Florence Street, Suite 200<br>Palo Alto, CA 94301<br>(650) 618-4360 | Yar R. Chaikovsky<br>MCDERMOTT WILL & EMERY LLP<br>275 Middlefield Road, Suite 100<br>Menlo Park, CA 94025<br>(650) 815-7400<br><br>Daniel R. Foster<br>MCDERMOTT WILL & EMERY LLP<br>4 Park Plaza, Suite 1700<br>Irvine, CA 92614-2559<br>(949) 851-0633 |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ *Mary B. Graham* | /s/ *Paul Saindon* |
| _____ | _____ |
| Mary B. Graham (#2256)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>mgraham@mnat.com<br>*Attorneys for Defendant Sony Ericsson*<br>*Mobile Communications (USA) Inc.* | Jack B. Blumenfeld (#1014)<br>Karen Jacobs Louden (#2881)<br>Paul Saindon (#5110)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>klouden@mnat.com<br>psaindon@mnat.com<br>*Attorneys for Defendant Futurewei*<br>*Technologies, Inc.* |

| | |
|---|---|
| OF COUNSEL: | OF COUNSEL: |
| Jeffri A. Kaminski<br>Justin E. Pierce<br>VENABLE, LLP<br>575 7th Street, NW<br>Washington, DC  20004-1601<br>(202) 344-4000 | Yar R. Chaikovsky<br>John A. Lee<br>Cary Chien<br>MCDERMOTT WILL & EMERY LLP<br>275 Middletown Road, Ste. 100<br>Menlo Park, CA  94025<br>(650) 815-7400 |
| | RICHARDS, LAYTON & FINGER, P.A. |
| */s/ Kevin F. Brady*<br>_____ | */s/ Elizabeth R. He*<br>_____ |
| Kevin F. Brady (#2248)<br>300 Delaware Ave. Suite 1210<br>Wilmington, DE  19801<br>kfpbradyt@aol.com<br>*Attorneys for Research in Motion Corporation* | Jeffrey L. Moyer (#3309)<br>Elizabeth R. He (#5345)<br>920 North King Street<br>One Rodney Squre<br>Wilmington, DE  19801<br>moyer@rlf.com<br>he@rlf.com<br>*Attorneys for Nokia Inc.* |
| OF COUNSEL: | OF COUNSEL: |
| Dominic E. Massa<br>Dana O. Burwell<br>WILMER CUTLER PICKERING HALE AND<br>  DOOR LLP<br>60 State Street<br>Boston, MA  02109<br>(617) 526-6000 | Robert F. Perry<br>Allison H. Altersohn<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY  10036-4003<br>(212) 556-2100 |
| Christopher R. Noyes<br>Omar Khan<br>Andrea Pacelli<br>WILMER CUTLER PICKERING HALE AND<br>  DOOR LLP<br>399 Park Avenue<br>New York, NY  10022<br>(212) 230-8800 | |

| POTTER ANDERSON & CORROON LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| */s/ Richard L. Horwitz* | */s/ Richard L. Horwitz* |
| _____ | _____ |
| Richard L. Horwitz (#2246) <br> David E. Moore (#3983) <br> Hercules Plaza, 6th Floor <br> 1313 N. Market Street <br> Wilmington, Delaware 19801 <br> (302) 984-6000 <br> rhorwitz@potteranderson.com <br> dmoore@potteranderson.com | Richard L. Horwitz (#2246) <br> David E. Moore (#3983) <br> Hercules Plaza, 6th Floor <br> 1313 N. Market Street <br> Wilmington, Delaware 19801 <br> (302) 984-6000 <br> rhorwitz@potteranderson.com <br> dmoore@potteranderson.com |
| *Attorneys for Defendant Apple Inc.* | *Attorneys for Defendant NEC CASIO Mobile Communications, Ltd.* |
| OF COUNSEL: | OF COUNSEL: |
| Harrison J. Frahn IV <br> Jason M. Bussey <br> Jeffrey E. Danley <br> SIMPSON THACHER & BARTLETT LLP <br> 2550 Hanover Street <br> Palo Alto, CA 94304 <br> (650) 251-5000 | Scott D. Stimpson <br> Katherine M. Lieb <br> David C. Lee <br> SILLS CUMMIS & GROSS P.C. <br> 30 Rockefeller Plaza <br> New York, NY 10112 <br> (212) 643-7000 |

February 6, 2012
5065431.6