IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYBERFONE SYSTEMS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP, et al.,<br><br>        Defendants. | C.A. No. 1:11-cv-827-SLR<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF CYBERFONE SYSTEMS, LLC'S ANSWER TO DEFENDANT
PANTECH WIRELESS, INC.'S COUNTERCLAIMS**

Plaintiff CyberFone Systems, LLC ("CyberFone"), by and through its undersigned counsel, answers the Counterclaims of Defendant Pantech Wireless, Inc. ("Pantech") by corresponding paragraph number as follows:

1. CyberFone incorporates allegations from its First Amended Complaint as if fully set forth herein.

**The Parties**

2. Admitted.

3. Admitted that CyberFone was a Virginia limited liability company at the time it filed the First Amended Complaint. CyberFone is now a Texas limited liability company with a principal place of business at 719 W. Front Street, Suite 242, Tyler, Texas 75702.

**Jurisdiction**

4. CyberFone admits that Pantech's counterclaims purport to arise under Title 35 of the United States Code. CyberFone admits that the Court has subject matter jurisdiction over Pantech's counterclaims and personal jurisdiction over CyberFone.

**Venue**

5. CyberFone admits that this District is the proper venue for Pantech's counterclaims. CyberFone denies that there may exist more appropriate venues for the claims in the First Amended Complaint or Pantech's counterclaims.

**COUNT I**
**First Counterclaim**
**(Declaratory Judgment of Non-Infringement)**

6. CyberFone incorporates the allegations in its First Amended Complaint and its response to paragraphs 1 through 5 of Pantech's counterclaims as if fully set forth herein.

7. Paragraph 7 of Pantech's counterclaims does not require a response by CyberFone.

8. Admitted.

9. Denied.

**Second Counterclaim**
**(Declaratory Judgment of Invalidity)**

10. CyberFone incorporates the allegations in its First Amended Complaint and its response to paragraphs 1 through 9 of Pantech's counterclaims as if fully set forth herein.

11. CyberFone denies that each claim of the patents-in-suit is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112. CyberFone admits that an actual controversy exists between CyberFone and Pantech regarding the validity of the claims of the asserted patents-in-suit.

12. Denied.

**DEMAND FOR JURY TRIAL**

CyberFone demands a trial by jury on all issues so triable.

WHEREFORE, CyberFone prays for the following relief with regard to Pantech's counterclaims:

A. A dismissal with prejudice of Pantech's counterclaims;

B. An adjudication that Pantech is not entitled to any relief on its counterclaims, including, without limitation, any fine or damages; and

C. Costs and such further relief to which CyberFone is entitled, and which the Court deems just and equitable.

February 10, 2012

Of Counsel:

Marc A. Fenster
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com

BAYARD, P.A.

/s/ *Vanessa R. Tiradentes*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5938)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

Attorneys for Plaintiff,
CyberFone Systems, LLC