IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CYBERFONE SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-827-SLR |
| | ) | |
| CELLCO PARTNERSHIP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CYBERFONE SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-828-SLR |
| | ) | |
| BROADBAND FINANCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CYBERFONE SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-829-SLR |
| | ) | |
| CNN INTERACTIVE GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CYBERFONE SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-830-SLR |
| | ) | |
| AVAYA INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CYBERFONE SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-831-SLR |
| | ) | |
| AMAZON.COM INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| LVL PATENT GROUP, LLC (n/k/a CyberFone Systems, LLC, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-832-SLR |
| | ) | |
| NUANCE COMMUNICATIONS, INC, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| CYBERFONE SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-833-SLR |
| | ) | |
| SONY ELECTRONICS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| CYBERFONE SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-834-SLR |
| | ) | |
| FEDERAL EXPRESS CORPORATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| CYBERFONE SYSTEMS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ECHOSTAR TECHNOLOGIES LLC, )<br>et al., )<br>)<br>Defendants. ) | Civ. No. 11-835-SLR |

## MEMORANDUM ORDER

At Wilmington, this 30th day of April, 2012, having reviewed the various motions pending before the court, IT IS ORDERED as follows.

1. **Background**. Plaintiff CyberFone Systems, LLC ("CyberFone"), previously named LVL Patent Group, LLC, is the assignee of U.S. Patent Nos. 6,044,382 ("the '382 patent"), 5,805,676, 5,987,103, 8,019,060 ("the '060 patent"), and 7,334,024 relating to telecommunications technologies. CyberFone asserts infringement of combinations of these patents against a total of 175 defendants and 970 accused products across a span of 21 related cases.[1]

2. The complaints in the 2011 cases were filed at 11 p.m. on September 15, 2011 – the day before the effective date of the America Invents Act ("AIA"), which limits when a plaintiff may sue multiple defendants for patent infringement in one lawsuit. *See* 35 U.S.C. § 299(b). The original complaints in the 2011 cases each name multiple defendants, alleging infringement (literally and under the doctrine of equivalents) by products broadly identified by category and/or function. Eight of the nine complaints

---

[1] There are thirteen related actions in which no motions are pending and which are not included in the foregoing case caption: Civ. Nos. 12-107, 12-109, 12-110, 12-111, 12-112, 12-113, 12-114, 12-115, 12-116, 12-117, 12-118, 12-119 and 12-120.

were amended two months later,[2] in certain cases, naming additional defendants. The first amended complaints specifically identify products accused of infringement by model name and/or model number.

3. The court held an in-person scheduling conference on March 6, 2012. Thereafter, the court entered a coordinated scheduling order which provided for, *inter alia*, dates for the completion of document production (November 21, 2012), the close of fact and expert discovery, summary judgment and trial for all of the related cases. (*See, e.g.,* Civ. No. 11-827, D.I. 154)

4. **Motions to sever and/or dismiss**. Certain defendants have moved to sever and/or dismiss the claims against them on the basis that CyberFone's original, pre-AIA ("placeholder") complaints violate Federal Rule of Civil Procedure 20 because they did not allege joint infringement, or any relationships or common activities among the individual defendants.[3] Moreover, CyberFone did not describe any relationship or common activities among the individual defendants in the first amended complaints.

5. To the extent the motions seek dismissal of claims, severance, not dismissal, is the correct remedy for misjoinder. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not ground for dismissing an action. On motion or on its own, the court may at any time, on

---

[2] The complaint in Civ. No. 11-832 has not been superceded.

[3] Federal Rule of Civil Procedure 20(a)(2) allows the joinder of defendants if:

"(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action."

2

just terms, add or drop a party. The court may also sever any claim against a party");

see also, gen., *Walsh v. Miehle-Goss-Dexter, Inc.*, 378 F.2d 409, 412 (3d Cir. 1967) ("A

motion for severance . . . is addressed to the sound discretion of the trial court"). Given

that all parties share the same discovery and motion deadlines, the cases will progress

to trial on parallel tracks and the court will address in due course how trial will be

managed. The court declines to sever any parties at this juncture. Defendant's motions

are denied. (Civ. No. 828, D.I. 47; Civ. No. 11-829, D.I. 70; Civ. No. 11-830, D.I. 48,[4]

D.I. 49; Civ. No. 11-831, D.I. 52; Civ. No. 11-834, D.I. 105) The pending motions to join

in said motions are concurrently denied as moot. (Civ. No. 11-829, D.I. 72; Civ. No. 11-

834, D.I. 122, D.I. 134, D.I. 141)

6. **Motions by the wireless handset manufacturers and customers**. In Civ.

No. 11-827, there are two copending motions addressing the propriety of the joinder of

the wireless handset manufacturers and wireless carriers in the same action. The

manufacturers seek severance of their claims, while the carriers seek a stay based on

the "customer suit exception."[5] As explained above, the issue of severance is a trial

management (rather than legal) issue in this case, and the court declines to sever any

---

[4]By this motion, defendant Siemens Enterprise Communication, Inc. moves to dismiss for misjoinder on the ground that it was added as a defendant by the first amended complaint in Civ. No. 11-830, post-AIA. This argument was also iterated by the Fox defendants in its joinder motion. (Civ. No. 11-829, D.I. 72)

[5]The wireless carriers assert that they are each accused of infringement based on their selling of various wireless handsets from the defendant wireless handset manufacturers. The Federal Circuit has recognized a "customer suit" exception, "whereby litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (citation omitted).

3

parties at this time. The court will allow discovery to proceed against the wireless carriers, but will reconsider the propriety of a stay (vis-a-vis allowing trial to proceed against the manufacturers first) prior to trial. Thus, the wireless handset manufacturers' motion to sever (Civ. No. 827, D.I. 101) is denied; the wireless carriers' motion to stay (*id.*, D.I. 99) is denied without prejudice. The outstanding motions to join in these motions (*id.*, D.I. 134, D.I. 173) are denied as moot.

7. **Motions to dismiss direct infringement claims**. There are several pending 12(b)(6) motions relating to the adequacy of CyberFone's direct infringement allegations. By its motion, Sharp argues that it cannot directly infringe claim 19 of the '382 patent because its TVs and Blu-ray disc players lack a "transmission medium" and a "server," as required by the claim. (Civ. No. 11-827, D.I. 94) The court is not prepared to engage in the claim construction exercise at this stage of the proceedings, with no context whatsoever provided by discovery or a motion practice.[6] Sharp's motion is denied in this regard.

8. In Civ. No. 11-829, several defendants move to dismiss on the ground that the allegation that they infringe "at least claim 1" of the '060 patent by "making, using, selling, offering to sell, and/or importing a method" is improper, given that infringement

---

[6]*See, e.g., Walker Digital, LLC v. Facebook, Inc.*, Civ. No. 11-313, 2012 WL 1129370, at *3 (D. Del. Apr. 4, 2012); *Internet Media Corp. v. Hearst Newspapers, LLC*, Civ. No. 10–690–SLR, 2011 WL 2559556, at *3 (D. Del. June 28, 2011); *Deston Therapeutics LLC v. Trigen Labs. Inc.*, 723 F.Supp.2d 665, 670 (D. Del .2010); *Progressive Casualty Insurance Co. v. Safeco Insurance Co.*, Civ. No. 10–1370, 2010 WL 4698576, at *4 (N.D. Ohio Nov. 12, 2010).

The court will discuss with the parties, however, the need for an early claim construction of dispositive limitations, once a full and fair exchange of fundamental documents has been accomplished.

4

of a method claim may only occur by "using" the patented method.[7] Because the '060 patent contains both method and system claims, and CyberFone has asserted that defendants are "using" the patented method, the first amended complaint complies with Form 18.[8] The court denies the motion in this regard. *See, gen., McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357-58 (Fed. Cir. 2007) (the specifics of infringement are to be determined through discovery). The court concurrently denies the request to dismiss the direct infringement claims in Civ. No. 11-831, advanced on the same ground.

9. Having reviewed the first amended complaint in Civ. No. 11-833, the court concludes it, too, provides the information required by Form 18 (and, therefore, passes muster under Rule 8). Moving defendants in that case do not dispute that the first amended complaint specifies particular products by name and/or model number, only that it is not discernable how each named product can constitute a "transaction entry device," "transmission medium," and a "server" as required by claim 19 of the '382 patent. (Civ. No. 11-833, D.I. 65 at 13-15) Such detail is not required by Form 18, however, and defendants' motion is denied on this ground. *See McZeal*, 501 F.3d at

---

[7]*See, e.g., Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1359 (Fed. Cir. 2009) ("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process" within the meaning of section 271(a)) (quotation omitted).

[8]Form 18 requires that the following information be provided in a complaint for direct infringement: (1) an allegation of jurisdiction; (2) a statement that plaintiff owns each patent at issue and, for each such patent, its number, date of issuance, and the general invention described therein; (3) for each defendant accused of infringement, identification of the accused product, process or method that embodies the patented invention; and (4) a demand for relief, including injunctive relief and/or an accounting for damages.

5

1357-58.

10. **Motions to dismiss indirect infringement claims.** The court has recently held that "if a complaint sufficiently identifies, for purposes of Rule 8, the patent at issue and the allegedly infringing conduct, a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint satisfies the requirements of Global–Tech [*Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)]." *Walker Digital*, 2012 WL 1129370 at *5. In each instance where indirect infringement is alleged, CyberFone states that the defendant "has had knowledge of the [asserted] patent at least as early as the filing of the original complaint[.]"[9] (*See, e.g.,* Civ. No. 11-827, D.I. 75 at ¶¶ 48, 83) Thus, the court denies defendants' motions to dismiss the inducement claims based on a lack of pre-suit knowledge.

11. With respect to defendants' arguments that CyberFone did not allege at least some other act of encouraging infringement, the court recognizes that "[i]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part). Insofar as inducement may have occurred from the date of suit, the court does not require CyberFone to yet have (or plead) knowledge of defendants' activities. The parties undoubtedly will engage in focused discovery on this issue, making the issue appropriate for consideration on the summary judgment record. *See, gen.,*

---

[9]In Civ. No. 11-834, CyberFone alleges that defendants had knowledge "at least as early as the filing of the first amended complaint." (Civ. No. 11-834, D.I. 82 at ¶¶ 40, 75, 110) The court draws no distinction in this regard.

*Organon, Inc. v. Teva Pharms., Inc.*, 244 F. Supp. 2d 370, 372 (D.N.J. 2002).

12. With respect to the pending motions in Civ. Nos. 11-829 and 11-831, the court does not read the first amended complaints as containing indirect infringement claims.[10] Therefore, the court grants the motions, without prejudice to CyberFone should it seek an opportunity to amend to assert a specific claim of indirect infringement. Having addressed direct infringement above (as related to the pending motion in Civ. No. 11-829), the court grants in part and denies in part both pending motions to dismiss. (Civ. No. 11-829, D.I. 52; Civ. No. 11-831, D.I. 51) The related motion to join (Civ. No. 11-829, D.I. 95) is granted in part (with respect to the request to join in D.I. 52) and denied in part as moot (with respect to joinder in D.I. 70 or 72).

13. The moving defendants in Civ. Nos. 11-827, 11-833, 11-834 and 11-835 allege that the first amended complaints are deficient insofar as the requisite intent for contributory infringement is not alleged. The court agrees. In each instance, the complaints specify that the defendant induces infringement by "the end users of the above-referenced products." Under 35 U.S.C. § 271(c), a patentee must demonstrate that an alleged contributory infringer has sold, offered to sell or imported into the United States a component of an infringing product "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." Therefore, § 271(c) "require[s] a showing that the alleged contributory infringer knew that the

---

[10] In contrast, where CyberFone intended to allege indirect infringement in other cases, it did so specifically by stating that a defendant is "indirectly infringing" the claims.

7

combination for which [its] component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).

14. The pleadings at issue contain no allegations that the accused products are not staple articles or commodities of commerce suitable for substantial noninfringing use, or that they are especially made for or adapted for use in infringing the asserted patents. CyberFone's general allegations that defendants knew of the patents as of the filing of its complaint (or amended complaint) is insufficient notice of contributory infringement. Therefore, the court grants the pending motions on this ground, without prejudice to CyberFone should it seek an opportunity to amend to assert a specific claim of contributory infringement. For the foregoing reasons, the following motions are granted in part (as to contributory infringement) and denied in part (on the remaining grounds): Civ. No. 11-827, D.I. 94; Civ. No. 11-833, D.I. 64; Civ. No. 11-834, D.I. 139; Civ. No. 11-835, D.I. 13.

                                                                                     [signature]
                                                                          United States District Judge