IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CYBERFONE SYSTEMS, LLC (formerly known as LVL PATENT GROUP, LLC), | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 11-827 (SLR) |
| v. | ) ) | |
| CELLCO PARTNERSHIP, *et al.,* | ) ) | |
| Defendants. | ) | |

**ANSWER OF BOOST MOBILE LLC TO CYBERFONE'S FIRST AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Boost Mobile LLC ("Boost") responds to the allegations of the First

Amended Complaint ("FAC") as follows:

## PARTIES

1.       Boost is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and therefore denies the allegations.

2.       This paragraph concerns a different defendant than Boost and therefore

does not require a response from Boost.   To the extent a response is required, Boost is without

knowledge or information sufficient to form a belief as to the truth of the allegations of this

paragraph and therefore denies the allegations.

3.       This paragraph concerns a different defendant than Boost and therefore

does not require a response from Boost.   To the extent a response is required, Boost is without

knowledge or information sufficient to form a belief as to the truth of the allegations of this

paragraph and therefore denies the allegations.

4.       Boost admits that Sprint Spectrum LP ("Sprint") is a Delaware limited

partnership.  Boost denies any remaining allegations of this paragraph.

5.        This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.   To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

6.        This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

7.        Boost admits that Virgin Mobile USA L.P. is a Delaware limited partnership.  Boost denies any remaining allegations of this paragraph.

8.        This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

9.        This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

10.       This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

11.     Boost admits that it is a Delaware limited liability company.  Boost denies any remaining allegations of this paragraph.

12.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

13.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

14.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

15.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

16.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

17.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

18.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

19.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

20.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

21.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

22.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

23.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

24.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

25.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

26.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

27.     Boost admits that the FAC purports to collectively refer to Verizon, AT&T, Sprint, T-Mobile, Cricket, Virgin, U.S. Cellular, MetroPCS, TracFone, and Boost as "Wireless Carriers."

28.     Boost admits that the FAC purports to collectively refer to Apple, RIM, Nokia, Samsung, Motorola, HTC, Sharp, Pantech, LG, HP, Sony, Ericsson, Casio, Huawei, ZTE, and Kyocera as "Wireless Handset Manufacturers."

## JURISDICTION AND VENUE

29.     Boost admits that Plaintiff brings this action under the patent laws of the United States and purports to base subject matter jurisdiction on 28 U.S.C. §§ 1331 and 1338(a). Boost denies that this action has any merit as to it and otherwise denies the allegations of this paragraph.

30.     Boost does not contest that it is subject to personal jurisdiction or that venue is proper in this action.  Boost otherwise denies the allegations of this paragraph that pertain to it.  Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as to other defendants and therefore denies the allegations.

## COUNT I
### (Infringement of U.S. Patent No. 6,044,382)

31.     Boost admits that a copy of United States Patent No. 6,044,382 ("the '382 patent"), entitled "Data Transaction Assembly Server," is attached as Exhibit A to the FAC, and that the '382 patent states on its face that it issued on March 28, 2000.  Boost is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

32.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

33.       This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

34.       This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

35.       This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

36.       This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

37.       This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

38.       This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

39.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

40.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

41.      Boost denies the allegations of this paragraph.

42.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

43.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

44.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

45.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

46.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

47.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

48.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

49.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

50.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

51.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

52.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

53.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

54.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

55.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

56.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

57.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

58.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

59.      Boost denies the allegations of this paragraph to the extent they are directed to it.  Boost is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph as to other defendants and therefore denies those allegations.

60.      Boost denies the allegations of this paragraph to the extent they are directed to it.  Boost is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph as to other defendants and therefore denies those allegations.

## **COUNT II**
### (Infringement of U.S. Patent No. 5,805,676)

61.      Boost admits that a copy of United States Patent No. 5,805,676 ("the '676 patent"), entitled "Telephone/Transaction Entry Device and System for Entering Transaction

Data Into Databases," is attached as Exhibit B to the FAC, and that the '676 patent states on its face that it issued on September 8, 1998. Boost is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

62.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost. To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

63.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost. To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

64.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost. To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

65.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost. To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

66.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost. To the extent a response is required, Boost is without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

67.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

68.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

69.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

70.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

71.     Boost denies the allegations of this paragraph.

72.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

73.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

74.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

75.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

76.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

77.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

78.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

79.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

80.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

81.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

82.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

83.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

84.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

85.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

86.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

87.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

88.     Boost denies the allegations of this paragraph to the extent they are directed to it.  Boost is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph as to other defendants and therefore denies those allegations.

89.     Boost denies the allegations of this paragraph to the extent they are directed to it.  Boost is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of this paragraph as to other defendants and therefore denies those allegations.

**COUNT III**
(Infringement of U.S. Patent No. 5,987,103)

90.         Boost admits that a copy of United States Patent No. 5,987,103 ("the '103 patent"), entitled "Telephone/Transaction Entry Device and System for Entering Transaction Data Into Databases," is attached as Exhibit C to the FAC, and that the '103 patent states on its face that it issued on November 16, 1999.  Boost is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

91.         This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

92.         This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

93.         This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

94.         This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

95.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

96.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

97.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

98.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

99.      This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

100.      Boost denies the allegations of this paragraph.

101.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

102.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

103.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

104.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

105.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

106.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

107.    This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

108.    This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

109.    This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

110.    This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

111.    This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

112.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

113.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

114.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

115.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

116.     Boost denies the allegations of this paragraph to the extent they are directed to it.  Boost is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph as to other defendants and therefore denies those allegations.

117.     Boost denies the allegations of this paragraph to the extent they are directed to it.  Boost is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of this paragraph as to other defendants and therefore denies those allegations.

## COUNT IV
### (Infringement of U.S. Patent No. 8,019,060)

118.    Boost admits that a copy of United States Patent No. 8,019,060 ("the '060 patent"), entitled "Telephone/Transaction Entry Device and System for Entering Transaction Data Into Databases," is attached as Exhibit D to the FAC, and that the '060 patent states on its face that it issued on September 13, 2011. Boost is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

119.    This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost. To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

120.    This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost. To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

121.    This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost. To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

122.    This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost. To the extent a response is required, Boost is without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

123.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

124.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

125.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

126.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

127.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

128.     Boost denies the allegations of this paragraph.

129.     Boost denies the allegations of this paragraph to the extent they are directed to it.  Boost is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph as to other defendants and therefore denies those allegations.

130.     Boost denies the allegations of this paragraph to the extent they are directed to it.  Boost is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph as to other defendants and therefore denies those allegations.

## COUNT V
### (Infringement of U.S. Patent No. 7,334,024)

131.     Boost admits that a copy of United States Patent No. 7,334,024 ("the '024 patent"), entitled "System for Transmission of Voice and Data over the Same Communications Line," is attached as Exhibit E to the FAC, and that the '024 patent states on its face that it issued on February 19, 2008.  Boost is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

132.     This paragraph concerns a different defendant than Boost and therefore does not require a response from Boost.  To the extent a response is required, Boost is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

## ANSWER TO CYBERFONE'S PRAYER FOR RELIEF

Boost denies that CyberFone is entitled to any of the relief requested in its prayer for relief.

## DEFENSES

Without any admission as to the burden of proof or as to any of the allegations in the Complaint, except as expressly admitted above, Boost asserts the following defenses. Boost reserves the right to raise additional defenses as they become known through further investigation and discovery.

### First Defense

Boost has not infringed any valid claim of the '382, '676, '103, or '060 patents (collectively "the asserted patents").

### Second Defense

One or more claims of the asserted patents are invalid under one or more sections of the Patent Act, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Defense

CyberFone is estopped from asserting any interpretation of the asserted patents that would be broad enough to cover any of Boost's methods, products or services alleged to infringe the asserted patents, literally or under the doctrine of equivalents.

### Fourth Defense

CyberFone's claims are barred in whole or in part by the doctrines of waiver, laches, acquiescence, estoppel, implied license, and/or other equitable remedies.

### Fifth Defense

CyberFone's claim for damages is barred, in whole or in part, for failure to comply with 35 U.S.C. §§ 286, 287 and/or 288.

**Sixth Defense**

CyberFone's claims for relief are barred in whole or part by prosecution history estoppel and/or prosecution history disclaimer.

**Seventh Defense**

The FAC fails to state a claim upon which relief may be granted against Boost and/or fails to plead the required allegations with sufficient particularity.

**Eighth Defense**

CyberFone is not entitled to injunctive relief as it has, at a minimum, an adequate remedy at law and will not suffer any irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Boost requests that the Court enter judgment in favor of Boost and against CyberFone on each of CyberFone's claims and further requests that the Court:

(A)     deny each request for relief made by CyberFone, and dismiss the FAC with prejudice as to Boost;

(B)     deem this to be an exceptional case and award Boost its attorneys' fees pursuant to 35 U.S.C. § 285;

(C)     award Boost its costs and expenses; and

(D)     award Boost such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Boost demands a trial by jury of all issues triable by jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Regina S.E. Murphy*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Regina S.E. Murphy (#5648)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
rmurphy@mnat.com
   *Attorneys for Boost Mobile LLC*

May 21, 2012

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2012 I electronically filed the foregoing document, which will send notification of such filing(s) to all registered participants.

I also certify that copies were caused to be served on May 21, 2012 upon the following in the manner indicated:

Richard D. Kirk, Esquire                                            *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19891
*Attorneys for Plaintiff*

Marc A. Fenster, Esquire                                            *VIA ELECTRONIC MAIL*
Bruce K. Kuyper, Esquire
Fredericka Ung, Esquire
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
*Attorneys for Plaintiff*

Collins J. Seitz, Jr., Esquire                                      *VIA ELECTRONIC MAIL*
David E. Ross, Esquire
Benjamin Schladweiler, Esquire
SEITZ ROSS ARONSTAM & MORITZ LLP
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
*Attorneys for Cellco Partnership*

Michael K. Kellogg, Esquire                                         *VIA ELECTRONIC MAIL*
Evan T. Leo, Esquire
Wan J. Kim, Esquire
Michael E. Joffre, Esquire
Kiran S. Raj, Esquire
KELLOGG, HUBER, HANSEN, TODD,
  EVANS, & FIGEL PLLC
1615 M Street, N.W., Suite 400
Washington, DC  20036
*Attorneys for Cellco Partnership*

John G. Day, Esquire                                    *VIA ELECTRONIC MAIL*
Tiffany Geyer Lydon, Esquire
Andrew C. Mayo, Esquire
ASHBY & GEDDES
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899
*Attorneys for AT&T Mobility LLC and ZTE*
*(USA) Inc.*

Evan Finkel, Esquire                                    *VIA ELECTRONIC MAIL*
Mark R. Kendrick, Esquire
Michael Horikawa, Esquire
James Chang, Esquire
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
*Attorneys for AT&T Mobility LLC*

William P. Atkins, Esquire                              *VIA ELECTRONIC MAIL*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, Suite 1400
McLean, VA  22102
*Attorneys for AT&T Mobility LLC*

Barry W. Graham, Esquire                                *VIA ELECTRONIC MAIL*
Yanbin Xu, Esquire
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER L.L.P.
901 New York Avenue, N.W.
Washington, DC  2004-4413
*Attorneys for ZTE (USA) Inc.*

Karen Jacobs Louden, Esquire                            *VIA ELECTRONIC MAIL*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE  19801
*Attorneys for Sprint Spectrum L.P., Boost*
*Mobile, LLC, HTC America, Inc. and*
*Futurewei Technologies, Inc. (d/b/a Huawei)*

Daniel R. Foster, Esquire                          *VIA ELECTRONIC MAIL*
MCDERMOTT, WILL & EMERY LLP
4 Park Plaza, Suite 1700
Irvine, CA  92614-2559
*Attorneys for HTC America, Inc.*

Yar R. Chaikovsky, Esquire                    *VIA ELECTRONIC MAIL*
John A. Lee, Esquire
Cary Chien, Esquire
MCDERMOTT WILL & EMERY LLP
275 Middletown Road, Suite 100
Menlo Park, CA  94025
*Attorneys for Futurewei Technologies, Inc.*
*(d/b/a Huawei)*

Jack B. Blumenfeld, Esquire                   *VIA ELECTRONIC MAIL*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE  19899
*Attorneys for T-Mobile USA Inc., Motorola*
*Mobility, Inc., Cricket Communications Inc.,*
*MetroPCS Wireless Inc. and TracFone*
*Wireless Inc.*

Ryan J. McBrayer, Esquire                     *VIA ELECTRONIC MAIL*
Kirstin E. Larson, Esquire
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
*Attorneys for T-Mobile USA Inc.*

Jonathan E. Retsky, Esquire                   *VIA ELECTRONIC MAIL*
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL  60601-9703
*Attorneys for Motorola Mobility, Inc.*

Steven J. Pollinger, Esquire                   *VIA ELECTRONIC MAIL*
MCKOOL SMITH
300 W. 6th Street, Suite 1700
Austin, TX 78701
*Attorneys for MetroPCS Wireless, Inc.*

Brett E. Cooper, Esquire                                    *VIA ELECTRONIC MAIL*
MCKOOL SMITH
One Bryant Park, 47th Floor
New York, NY 10036
*Attorneys for MetroPCS Wireless, Inc.*

Michael L. Brody, Esquire                                   *VIA ELECTRONIC MAIL*
Jonathan E. Retsky, Esquire
Thomas M. Williams, Esquire
James Winn, Esquire
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
*Attorneys for TracFone Wireless, Inc. and*
*Cricket Communications, Inc.*

Krishnan Padmanabhan, Esquire                               *VIA ELECTRONIC MAIL*
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
*Attorneys for TracFone Wireless, Inc. and*
*Cricket Communications, Inc.*

Mary B. Graham, Esquire                                     *VIA ELECTRONIC MAIL*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
*Attorneys for Sony Ericsson Mobile*
*Communication (USA) Inc.*

Justin E. Pierce, Esquire                                   *VIA ELECTRONIC MAIL*
Jeffri A. Kaminski, Esquire
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004
*Attorneys for Sony Ericsson Mobile*
*Communications (USA), Inc.*

Richard L. Horwitz, Esquire       *VIA ELECTRONIC MAIL*
David Ellis Moore, Esquire
POTTER ANDERSON & CORROON
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19801
*Attorneys for Apple Inc. and NEC CASIO*
*Mobile Communications, Ltd.*

Harrison J. Frahn IV, Esquire       *VIA ELECTRONIC MAIL*
Jason M. Bussey, Esquire
Jeffrey E. Danley, Esquire
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
*Attorneys for Apple Inc.*

Scott D. Stimpson, Esquire       *VIA ELECTRONIC MAIL*
Katherine M. Lieb, Esquire
David C. Lee, Esquire
Trent S. Dickey, Esquire
SILLS CUMMIS & GROSS P.C.
30 Rockefeller Plaza
New York, NY  10112
*Attorneys for NEC CASIO Mobile*
*Communications, Ltd.*

Steven J. Fineman, Esquire       *VIA ELECTRONIC MAIL*
Gregory P. Williams, Esquire
RICHARDS, LAYTON & FINGER, PA
920 N. King Street
Wilmington, DE  19801
*Attorneys for United States Cellular*
*Corporation*

Robert D. Leighton, Esquire       *VIA ELECTRONIC MAIL*
Richard J. O'Brien, Esquire
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
*Attorneys for United States Cellular*
*Corporation*

Jeffrey L. Moyer, Esquire                          *VIA ELECTRONIC MAIL*
Elizabeth R. He, Esquire
RICHARDS, LAYTON & FINGER, PA
920 N. King Street
Wilmington, DE  19801
*Attorneys for Nokia Inc.*

Robert F. Perry, Esquire                           *VIA ELECTRONIC MAIL*
Allison H. Altersohn, Esquire
Mark H. Francis, Esquire
Charles D. Lee, Esquire
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036
*Attorneys for Nokia Inc.*

Chad S.C. Stover, Esquire                          *VIA ELECTRONIC MAIL*
CONNOLLY, BOVE, LODGE & HUTZ
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
*Attorneys for Research In Motion*

Dominic E. Massa, Esquire                          *VIA ELECTRONIC MAIL*
Dana O. Burwell, Esquire
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA 02109
*Attorneys for Research In Motion*

Christopher R. Noyes, Esquire                      *VIA ELECTRONIC MAIL*
Omar Khan, Esquire
Andrea Pacelli, Esquire
WILMER CUTLER PICKERING HALE
   AND DORR LLP
399 Park Avenue
New York, NY 10022
*Attorneys for Research In Motion*

Richard K. Herrmann, Esquire                                    *VIA ELECTRONIC MAIL*
Mary B. Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
*Attorneys for Pantech Wireless, Inc.*

Alan A. Wright, Esquire                                          *VIA ELECTRONIC MAIL*
Wayne M. Helge, Esquire
H.S. PARK & ASSOCIATES, PLC
850 Leesburg Pike, Suite 7500
Vienna, VA  22182
*Attorneys for Pantech Wireless, Inc.*

Denise Seaston Kraft, Esquire                                   *VIA ELECTRONIC MAIL*
Aleine Michelle Porterfield, Esquire
DLA PIPER LLP
919 N. Market Street, Suite 1500
Wilmington, DE 19801
*Attorneys for Sharp Electronics Corporation*

Richard de Bodo, Esquire                                        *VIA ELECTRONIC MAIL*
Andrew Devkar, Esquire
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
*Attorneys for Sharp Electronics Corporation*

Rex A. Donnelly, IV, Esquire                                    *VIA ELECTRONIC MAIL*
RATNERPRESTIA
1007 Orange Street, Suite 1100
Wilmington, DE 19801
*Attorneys for Hewlett-Packard Company*

M. Elizabeth Day, Esquire                                       *VIA ELECTRONIC MAIL*
Marc C. Belloli, Esquire
Sal Lim, Esquire
FEINBERG DAY ALBERTI & THOMPSON LLP
401 Florence Street, Suite 200
Palo Alto, CA 94301
*Attorneys for Hewlett-Packard Company*

Karen L. Pascale, Esquire                                    *VIA ELECTRONIC MAIL*
James L. Higgins, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for LG Electronics MobileComm*
*U.S.A., Inc.*

R. Tyler Goodwyn, IV, Esquire                                *VIA ELECTRONIC MAIL*
Song K. Jung, Esquire
Renzo N. Rocchegiani, Esquire
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, DC  20006
*Attorneys for LG Electronics MobileComm*
*U.S.A., Inc.*

John W. Shaw, Esquire                                        *VIA ELECTRONIC MAIL*
Andrew E. Russell, Esquire
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE  19801
*Attorneys for Kyocera Communications Inc.*

David C. Doyle, Esquire                                      *VIA ELECTRONIC MAIL*
M. Andrew Woodmansee, Esquire
E. Dale Buxton II, Esquire
Mary Prendergast, Esquire
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, CA  92130-2040
*Attorneys for Kyocera Communications Inc.*

Adam W. Poff, Esquire                                        *VIA ELECTRONIC MAIL*
Pilar G. Kraman, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Samsung Telecommunications*
*America, LLC*

Cono Carrano, Esquire                                    *VIA ELECTRONIC MAIL*
Jin-Suk Park, Esquire
Amanda Johnson, Esquire
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036
*Attorneys for Samsung Telecommunications*
*America, LLC*

Kellie M. Johnson, Esquire                               *VIA ELECTRONIC MAIL*
AKIN GUMP STAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX  75201
*Attorneys for Samsung Telecommunications*
*America, LLC*

                                    */s/ Regina S.E. Murphy*

                                    Regina S.E. Murphy (#5648)