IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYBERFONE SYSTEMS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CELLCO PARTNERSHIP, et al., )<br>)<br>Defendants. )<br>) | C.A. No. 11-827 (SLR) |
| CYBERFONE SYSTEMS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CNN INTERACTIVE GROUP, INC., et al., )<br>)<br>Defendants. )<br>) | C.A. No. 11-829 (SLR) |
| CYBERFONE SYSTEMS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMAZON.COM, INC., et al., )<br>)<br>Defendants. )<br>) | C.A. No. 11-831 (SLR) |

**MOVING DEFENDANTS' OPPOSITION TO PLAINTIFF
CYBERFONE SYSTEM LLC'S MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Moving Defendants respectfully oppose Plaintiff's motion for leave to file a sur-reply brief in opposition to their motion for summary judgment. (D.I.227 in C.A. No. 11-827).

Under this Court's Local Rules, absent Court approval, the reply brief filed by Defendants is intended to be the final pleading except for the citation of subsequent

authorities. D. Del. L.R. 7.1.2(b) ("Except for the citation of subsequent authorities, no additional papers shall be filed absent Court approval."). Defendants filed their reply brief on July 17, 2012. On July 27, 2012, Defendants filed a notice of subsequent authority to bring to the Court's attention *Bancorp Services, L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, -- F.3d --, 2012 WL 3037176 (Fed. Cir. July 26, 2012), affirming the district court's summary judgment ruling that two patents claim patent-ineligible abstract ideas and therefore are invalid under 35 U.S.C. § 101. That should have been the last filing in anticipation of the hearing on July 31, 2012.

Plaintiff moves for leave to file a sur-reply brief on the pretense that it needs to address responses to requests for admissions Defendants served on July 9, 2012 and the Federal Circuit's decision in *CLS Bank International v. Alice Corp.*, -- F.3d --, 2012 WL 2708400 (Fed. Cir. July 9, 2012). If, however, that was Plaintiff's true reason for seeking to file an additional paper, it could have and should have sought – through stipulation or motion – leave to supplement its opposition to the motion shortly after these two events on July 9, 2012. Instead, Plaintiff waited until after Defendants filed their reply brief on July 17, 2012, and then waited another ten days to seek to file a sur-reply. Plaintiff was apparently more interested in manipulating the normal sequence of events so that it would have the opportunity to file the last substantive pleading shortly before the hearing. That should not be permitted.

Moreover, the focus of Plaintiff's proposed sur-reply brief is misplaced. First, Plaintiff argues that it is relevant that some Defendants served responses to requests for admission denying infringement – that is, denying that the accused products meet certain claim limitations - at this stage of the proceeding. From that, Plaintiff concludes that the claims cannot be directed

to the abstract concept of "gathering, organizing and forwarding information." That argument is directly contrary to the Federal Circuit's decision on July 26, 2012 in *Bancorp*.

In *Bancorp*, the Federal Circuit affirmed the district court's summary judgment ruling that two patents claim patent-ineligible abstract ideas and therefore are invalid under § 101. *Id.*, 2012 WL 3037176, at *13 ("Because Bancorp's asserted claims are directed to no more than a patent-ineligible abstract idea, we affirm the district court's holding of invalidity under § 101.") On appeal, the plaintiff argued that it was inconsistent for the defendant to deny infringement, while still maintaining the claims are broadly directed to an abstract idea that is not patent eligible. *Id.*, at *12. The Federal Circuit rejected that argument as "creative" but "unpersuasive" because a party is permitted to plead and pursue claims or defenses "regardless of consistency." *Id*. The Federal Circuit ruled that the defendant's "alternative assertion of noninfringement does not detract from its affirmative defense of invalidity under § 101." *Id.*

Under *Bancorp*, it is irrelevant that Defendants have denied infringement of the claims of the '060 patent in response to Plaintiff's requests for admission. The claims may still be found, on summary judgment, to be invalid for claiming patent-ineligible abstract ideas. And, although in its proposed sur-reply, Plaintiff continues its mantra of faulting Defendants for characterizing the claims as being directed to more than "gathering, organizing and forwarding information," Plaintiff also continues to fail to identify a single claim limitation directed to anything other than "gathering, organizing, and forwarding information." Plaintiff cannot complain that Defendants are ignoring material claim limitations, while at the same time being unable to identify any such limitations that impact the § 101 analysis.

Second, Plaintiff does not need to file a sur-reply brief at this late date to address *CLS*, which was the subject of Plaintiff's notice of subsequent authority filed on July 11, 2012 and

3

Defendants' reply brief filed on July 17, 2012. (D.I. 257 and 259 in C.A. No. 11-827). Indeed, if Plaintiff were interested in addressing the most relevant recent opinion of the Federal Circuit on the subject of patent eligibility under § 101, Plaintiff would not have excluded any citation to or discussion of the *Bancorp* decision issued on July 26, 2012, after all briefing was concluded. (Defendants filed a notice of subsequent authority identifying the *Bancorp* opinion on July 27 prior to Plaintiff filing its motion for leave to file sur-reply brief.)

In affirming a summary judgment ruling that the patents-in-suit claim patent-ineligible abstract ideas and therefore are invalid under § 101, the Federal Circuit in *Bancorp* confirmed the correctness of Defendants' position that the claims of the '060 patent are patent-ineligible under § 101 and that the cases on which Plaintiff relied in its opposition brief (and in its proposed sur-reply) are inapposite.

In *Bancorp*, the Federal Circuit distinguished *Research Corp.*[1] in which the claims, among other things, "required the manipulation of computer data structures (the pixels of a digital image and the mask) and the output of a modified computer data structure (the halftoned image), was dependent upon the computer components required to perform it." 2012 WL 3037176, at *10-11. The Federal Circuit distinguished *SiRF*[2] in which the GPS receiver of the claims, among other things, was "integral to each of the claims at issue" and "plays a significant part" in the claims. *Id.*, at *11-12. In their reply brief, Defendants distinguished the claims of the '060 patent from the claims of *Research Corp.* and *SiRF* on the very same grounds. *See* § II.B. at 2-4.

---

[1] *Research Corp. Techs. v. Microsoft Corp.*, 627 F.3d 859 (Fed. Cir. 2010).

[2] *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1333 (Fed. Cir. 2010).

In *Bancorp*, the Federal Circuit also distinguished the claims at issue in *CLS* in which the computer limitations "play a ***significant part*** in the performance of the invention" and the claims were "limited to a ***very specific application*** of the [inventive] concept." 2012 WL 3037176, at *12 (emphasis in original). The *Bancorp* court thus affirmed the district court's finding of invalidity, notwithstanding its conclusion that the system claims required a computer. In their reply brief, Defendants distinguished the claims of the '060 patent from the claims of *CLS* on the very same grounds. *See* § II.C. at 4-5.

In *Bancorp*, the Federal Circuit confirmed that there are cases (like this one) in which the issue of patent eligibility under § 101 can be resolved before and without any claim construction, stating "we perceive no flaw in the notion that claim construction is not an inviolable prerequisite to a validity determination under § 101." 2012 WL 3037176, at *5. The Federal Circuit went on to "note, however, that it will ordinarily be desirable – and often necessary – to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." *Id.* However, that is not so where, as here, the plaintiff has not identified a claim term (and proposed construction) where a claim construction ruling would change the result under § 101.

Plaintiff argued in its opposition, and argues again in its proposed sur-reply, that the Court should defer ruling on the motion until after claim construction. Plaintiff, however, does not identify – in its opposition or in its proposed sur-reply - any claim term requiring construction before this motion is resolved, nor does it posit a construction of a claim term that would impact the § 101 analysis. Had there been any, plaintiff would have identified specific claim limitations requiring construction, and offered a construction for such claim limitations

5

that would impact the § 101 analysis. Plaintiff has assiduously avoided doing so. Under such circumstances, Plaintiff cannot complain about this Court resolving the motion without first engaging in claim construction.

For the reasons discussed above, Defendants respectfully request that the Court deny Plaintiff's motion for leave to file a sur-reply. In the event the Court grants Plaintiff's motion, Defendants respectfully request that the Court accept this brief as its response to Plaintiff's sur-reply.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Jack B. Blumenfeld*

          Jack B. Blumenfeld (#1014)
          Karen Jacobs Louden (#2881)
          Paul Saindon (#5110)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE 19899-1347
          (302) 658-9200
          jblumenfeld@mnat.com
          klouden@mnat.com
          psaindon@mnat.com

          *With Authority of the Moving Defendants*

July 30, 2012